HART v. BULKLEY, administrator of WOOD, deceased.

April 29th.
1833.

Rights of a
surviving
trustee
against the
estate of a
deceased
co-trustee.

Where a co-trustee mingles the trust funds with his individual monies so as not to be distinguished, and dies, the other trustee (as trustee) cannot file a bill against his administrator to have funds in his hands delivered over; but the surviving trustee must come in pari passu with the creditors of the intestate.

The bill in this case was filed for the purpose of obtaining an amount of money in the hands of an administrator of a trustee, which was claimed by the surviving trustee.

On the thirtieth day of November one thousand eight hundred and twenty-nine, Moses Q. Wood assigned his property to the complainant, Philip Hart, junior, and to Walter R. Wood, since deceased (two of his creditors), in trust to pay his debts. The assignment contained a list of the creditors; and divided the order of payment into two classes. The first class was to be paid in full; and the second class thirty-three and a third per cent.—and there was a covenant to pay so much. The trustees accepted the trust and acted under it. There was an allegation of Walter R. Wood having collected several thousand dollars; and of having, on the first day of January, one thousand eight hundred and thirty, the sum of three thousand and four hundred dollars on hand. He died in the month of March following, intestate. The defendant, John L. Bulkley, was appointed his administrator by the surrogate of New York. The complainant charged that the above amount of trust-fund ought to be paid over to him as the surviving trustee; and prayed an account and payment.

The defendant answered, by admitting the death of Walter R. Wood; and that he was the brother of the debtor Moses Q. Wood, and brother-in-law to the defendant; his administering; the making out, by Moses Q. Wood, of several other assignments, some to the complainant and Walter R. Wood jointly, and others to the latter alone, to cover implications and responsibilities; accounting for the disposition of the assigned property; and detailing many particulars, but resulting in an admission of there being a balance of nine hundred and eighty-four dollars and ninety-one cents, the avails of the trust-property, due from his intestate at the time of death. The defendant set up the insolvency of the estate; that the same would not pay more than thirty or forty cents on the dollar; and insisted upon the defendant's being liable to pay over a rateable proportion to the complainant, and only equal to the other creditors. He stated that the money on hand, at the time of the intestate's death, was only one hundred and forty-one dollars and ninety five cents; that the avails of the trust-property was not kept separate from the other monies of the intestate, but was mingled; and that the balance of nine hundred and eighty-four

dollars and ninety-one cents appeared as the balance of the general account of the trust-funds which came to the hands of the intestate.

Mr. *S. Sherwood*, for the complainant.

Mr. *G. Griffin*, for the defendant.

THE VICE-CHANCELLOR:—The question in this case is, whether the complainant, as surviving assignee of Moses Q. Wood, is entitled to be paid the balance of nine hundred and eighty-four dollars and ninety-one cents, and which remained in the hands of his co-assignee, out of the assets held by the defendant as administrator of such co-assignee who died insolvent, in preference to and in exclusion of the general creditors of the intestate?

If he is to be regarded in the light of a creditor, he can have no such preference : having acquired no lien upon the funds or assets of the estate. In such capacity he could only come in with other creditors for a rateable proportion in the course of administration. However, the complainant contends for a trust fund belonging to him as surviving assignee ; and that, as such, it ought to be delivered over to him.

In order to give the complainant the benefit of this position, the money should appear to have been kept separate from the other fund of the intestate. As for instance, that it had been kept in a bag by itself or been deposited in a bank to his credit as assignee or that it had, in some way, preserved its identity and individuality as money belonging to the estate of the assignor, Moses Q. Wood. No such fact exists in the present case. The intestate mingled the moneys, received by him as one of the assignees, with his own funds. It has, consequently, lost its identity and cannot be distinguished from the intestate's other property ; and, of course, cannot be followed and taken hold of for the purpose of being delivered over. The law on this subject is well settled : Paley on Agency, 83, 84. ; *Whitcomb* v. *Jacob*, 1. Salk. 160.

I am decidedly of opinion the complainant has not shown a right to the money or assets in the hands of the defendant as a part of the trust estate under the assignment ; and that

the complainant has no greater rights to the balance admitted than a simple contract creditor of the intestate. He is only entitled to come in *pari passu* with other creditors. This bill is not filed for an account of the assets and payment of the claim as a debt against the estate of the intestate. It is not adapted to such a case. Indeed, there was no necessity for filing a bill in this court for the complainant's proportion as a creditor. It appears that repeated offers were made to pay him a just dividend. I shall not retain the bill even for this purpose. And if I had a desire to do so, the necessary parties (other creditors) are not before the court and the complainant has not shaped his bill so as to let them in. It must be dismissed; but as he has attempted to sue for the benefit of others, and, as I must presume, in good faith, he is excused from paying the costs of the defendant.