Bradley, J.
The matter in controversy was referred pursuant to the statute (2 R. S. 88, § 36, as amended by Laws of 1859, ch. 261.) It was heard and a report made by the referee by which he determined that the plaintiff was entitled to recover. And upon application to this court at special term, the report was confirmed. There is no appeal taken from the order, but both parties appeal from the judgment only. This is'a special, proceeding. Roe v. Boyle, 81 N. Y., 305.
Provision was made for appeals from judgments in these proceedings by Laws of 1854, ch. 270, § 1. That section was repealed by Laws, of 1877, ch. 417, § 2. And our attention is called to no remaining or subsequently enacted statute providing for such appeal. The provisions for appeals from judgments (Code Civ. Pro., § 1346) do not seem applicable to special proceedings. Id., 3343, subd. 20. In them appeals from orders are provided for. Id., § 1356.
But as both parties treat the case as properly here upon the merits, we will not further pursue the inquiry or consider that question.
The plaintiffs’ intestate died, seized of a parcel of land, situated in the city of Allegheny, State of Pennsylvania, subject to a mortgage upon it. The plaintiff, Jane R. Hatch, was her sole *182 heir and next of kin. The defendant’s testator became the agent of the plaintiffs, and was the agent of Jane R. Hatch, and as such had the power to dispose of the land for her. The holder of the mortgage threatened to foreclose it and commenced proceedings for that purpose. It was deemed by the plaintiffs and the defendants’ testator, for the advantage of the estate that the mortgage should be purchased and controlled in its interest, and the then foreclosure prevented. And with that view the plaintiffs placed- in the hands of McDonald $2,200, in money (that being the amount then at their command), July 17, 1883, and McDonald obtained from other sources upon his individual responsibility and furnished the sum of $2,470.20, making together $4,670.20, with which he purchased the mortgage, and it was assigned to him. He held the mortgage up to the time of his death, which occurred February 10th, 1884. Thereafter it came to the possession of the defendant as executor, who proceeded to collect the mortgage 4 to do which, and obtain the money, it became necessary to have an administrator • with the will annexed appointed in the State of Pennsylvania, which was done; and he received on November 18, 1884, $4,761.71, the amount then due on the mortgage. And his accounting was accomplished by decree of the probate court, August 5,1885, by which such ancillary administrator was directed to pay to the defendant, $4,205.38. And in September following, he made such payment» with interest from the time of such decree, amounting to $12. The reduction of the amount so collected by the administrator was produced by allowance and deduction of $335, for the expenses of administration, including his commissions and counsel fees, and a collateral five per cent, inheritance tax of $221.33, on the balance, which was imposed pursuant to the law of that State. This deduction was properly made, and in addition to this, the defendant’s expense properly and necessarily incurred “ in the care, protection and collection of the mortgage,” amounted to $254.92. The referee held that the defendant was entitled to be allowed $122.22, of his expenses incurred in the care, protection and collection of the mortgage, and $91 as compensation for discharging the duties of his trust. And that the plaintiffs were entitled to recover $2,200 and interest from July 17, 1883, less those sums so allowed him, amounting to $213.33.
On the part of the plaintiffs, it is contended that they were entitled to recover the full amount of the money furnished by them to the defendant’s testator, with interest from the time he received it from them. And that the deduction made was improperly allowed.
And the defendant’s contention is that the allowance to him should embrace the proper portion of all the expenses and tax. And that he should be charged with no interest.
*183 The referee lias found that all these expenses, and the inheritance tax were necessarily incurred and paid. But the objection to the allowance to the defendant of anything by way of abatement of the plaintiffs’ claim, is founded upon the fact that McDonald took the assignment of the mortgage in his own name, and thus apparently appropriated the money which he received from the plaintiffs to his own use, and while they might trace it into the mortgage, and treat him as holding that security to that extent in trust for them, they were not required to do so, but were at liberty to charge him personally for the amount.
This is ordinarily so when trust funds are so appropriated or used as to conceal the trust, or mingled with the funds of the trustee in transactions apparently his own. Mumford v. Murray, 6 John, Ch. 1; Hart v. Bulkley, 2 Edw. 70; In re Stafford, 11 Barb. 353; Ferris v. Van Vecten, 73 N. Y., 113.
This rule rests upon the imputation of bad faith or negligence of the trustee in the matter of his duty as such, which exists, in fact, or may be implied by law from the manner he deals with the fund taken or held by him as such. And the presumption of breach of trust arises whenever any use is made of the fund which gives the appearance of any other relation to it than that of trustee. But there may be qualifying circumstances of relief from such imputation, and we think they exist in this instance. It was understood by the plaintiffs when they furnished this money to McDonald that he should use it as part of the amount requisite in the purchase of the mortgage, and that he would supply the residue of the sum necessary. The plaintiff Conolly loaned to McDonald a portion of it, the latter borrowed some of it from another, and was able to supply the balance. With this money he purchased the mortgage, and immediately by letter informed the plaintiff, Jane B,. Hatch, what he had done, and gave her a statement showing the amount of the fund belonging to estate of the plaintiff’s intestate that had been used for the purpose, and the, amount paid for the mortgage. She understanding that the $2,200 was so invested in the mortgage, approved what he had done, and the mortgage was thereafter held by him with her assent and at her request. His letter to her was substantially a declaration of the trust contemplated when the money was furnished, and impressed upon the assignment to him of the mortgage as effectually as if the trust had been expressed in it, as between him and the plaintiffs.
This and the fact that a considerable portion of the money was furnished by him to purchase it, takes from the appearance of the assignment in form to him individually, all imputation of breach of trust so as to charge him personally. School District v. First National Bank, 102 Mass., 174; Barry v. Lambert, 98 N. Y., 300
And the circumstances clearly show that the transaction on *184 bis part was in good faith, and that he furnished'.the money by him supplied, and procured the assignment of the mortgage wholly for the protection of the estate, and the interest of Jane R. Hatch, the heir and next of kin of the plaintiffs’ intestate. No reason appears why he should be subjected to more than the reasonably proper proportion of the expenses of the collection of the money secured by the mortgage'. The amount so furnished by the plaintiffs was a little over 47 per cent, of that required to obtain the assignment. No reason appears to charge the defendant with interest after the receipt by such administrator and before it was paid to him.
He should be treated as trustee for the plaintiffs in respect to the fund. His duty was to pay over to the plaintiffs the amount of the sum by him received to which they were entitled without-delay. It does not appear that he offered to do so. He should; therefore be charged with interest upon it, from the time of its receipt by him. And the fund due the plaintiffs should be charged with its proportion of the expenses of the administration in Pennsylvania, and of the inheritance tax as well as of the expenses allowed by the referee.
This view entitles the plaintiff to recover $1,776.08, as of the time of the receipt of the money by the defendant. And as the. day of receipt by him does not definitely appear, it may be designated as the 15th day of September, 1885.
' The modification of the judgment should he without costs of this appeal, but the recovery of disbursements as directed by the-judgment must stand. The plaintiff was entitled to them as matter of right, because the provisions of section 317 of the old Code to that effect was not repealed by Laws of 1877, ch. 417. And although the entire provisions of the old Code are embraced in the repealing clause of Laws of 1880, ch. 245, § 1, subd. 4, and § 2, the then existing right of the prevailing party to recover the fees of referees and witnesses and other necessary disbursements in a proceeding of this character, is preserved by § 3, subd. 8. of the same act. Hall v. Edmunds, 67 How, 202; Sutton v. Newton, 2 How. N. S., 56; S. C., 15 Abb., N. C., 452; 7 N. Y. C. P. R, 334; Overheiser v. Morehouse, 2 How., N. S., 257; S. C., 16 Abb., N. C., 208; 8 N. Y. Civ., Pro., R., 11.
In Miller v. Miller, (32 Hun, 481), it was held otherwise, but we think that the provisions of section 317, of the old Code in the respect referred to, were saved from repeal by the proviso in the act of 1880. before mentioned, and are not-superseded by Code Civ. Pro., § 3246.
. The judgment should be so modified as to make the recovery. $1776.08, and interest thereon from the 15th day of September, 1885, with the fees of. referees and witnesses, and other disbursements recovered thereby. And as so modified, affirmed, without costs of this appeal to either party.
Shith, P. J. and Barker, J., concur.