SCHOOL DISTRICT IN GREENFIELD *vs.* FIRST NATIONAL BANK IN GREENFIELD.

A trustee who deposits in a bank, and causes to be credited to his private account, money of the trust fund, without giving any notice that it is not his private property, or making any special agreement in regard to it, thereby converts it to his own use; so that the bank, in the absence of any notice that it is not his private property, may apply it as such.

CONTRACT on an account annexed for money deposited with the defendants by the plaintiffs' treasurer. Trial in the superior court, without a jury, before *Brigham*, C. J., who found these facts:

" Major H. Tyler was elected and qualified clerk and treasurer of the plaintiff school district in March 1867. On January 27, 1868, Salem Rich, collector of taxes of Greenfield, paid to Tyler $250, for the use of the district for school purposes, and Tyler, on that day, deposited the same in the defendant bank. On February 28, 1868, Tyler drew his check, styling himself in drawing 'treasurer,' and delivered the same to William Elliot, prudential committee of the district, for use by him in school expenses in said district. On the day of the date of said check, Elliot presented it at the banking-room of the bank, and demanded its payment, and one of the defendants' officers or clerks there refused payment of said check; and likewise presented the same check at the same place a month afterwards, and its payment was refused, the clerk in attendance saying that there was no money in the bank for said Elliot. Tyler testified that, when he deposited said $250 in the bank, he delivered the same money he received of said Rich, collector, to the cashier, and directed him to give him (Tyler) credit for it as treasurer. George W. Ballou, the cashier, testified that Tyler's direction to him, on delivering said $250 to him, was, to put the money to his (Tyler's) credit. The judge found (ruling that the burden of proving the fact was upon the plaintiffs) that it was not proved by the preponderance of evidence that Tyler directed the cashier to put said $250 to the credit of Tyler as treasurer. The judge also

found that, in the years 1866, 1867, and until February 6, 1868, (when Tyler was declared a bankrupt,) he had deposited moneys in and kept a bank account with the defendant bank, and, in addition to his own moneys, deposited in said bank the moneys of the plaintiff district, and the moneys of one of the fire districts of Greenfield, of which he was treasurer; that he used only one and the same bank book in depositing these various moneys, in which book the same were all entered by the defendants' cashier and clerks; that the same were entered in one and the same account in the defendants' book, to the credit of said Tyler, with the letter ' S ' to indicate school district funds, and with the letter ' F ' to indicate fire district funds, set against the sums, thus deposited and entered in said books, upon information or directions given to the defendants' agents by Tyler, when said deposits were made; that Tyler, in drawing checks for the moneys thus deposited, sometimes signed his checks ' Major H. Tyler,' sometimes ' Major H. Tyler, Treasurer of School District,' sometimes ' Major H. Tyler, Treasurer of Fire District,' and sometimes ' Major H. Tyler, Treasurer; ' that tickets, used by depositors, indicating the amounts, dates and character of their deposits, were not preserved by the bank; (and there was no evidence at the trial as to whether Tyler tendered to the bank, on depositing said $250, such a ticket, or of its contents;) that for several days prior to January 27, 1868, Tyler's account in the bank had been overdrawn, and, upon formal notice of that fact, he had deposited $95, so that, on January 27, 1868, his account was not overdrawn to an amount exceeding $3.57; that such was the state of his account when said $250 were deposited by him and placed to his credit, without any word or mark indicating that he was not depositing his own money; that previously to January 27, 1868, Tyler had given his promissory note to the bank and the same was discounted by the bank, and was not then due, but became due after Tyler was declared a bankrupt; and that the bank applied said $250, after deducting the sum of $3.57 to balance said Tyler's overdrawn account, to the part payment of his note, and proved the balance, left due on said note, against his estate in bankruptcy."

Upon these facts, the judge ruled that the plaintiffs could not maintain the action, and found for the defendants. The plaintiffs alleged exceptions.

*S. O. Lamb*, for the plaintiffs.

*W. S. B. Hopkins*, for the defendants.

CHAPMAN, C. J.   When Tyler deposited in the bank the money which he held as treasurer of the school district, and caused it to be credited to his private account, without giving any notice that it was not his private property, or making any special agreement in respect to it, he thereby converted it to his own use.   The specific money became the property of the bank, which they might apply to the payment of any money that he then owed them on account, and for the balance of which they would be his debtors.   By giving him credit for it, the sum of $3.57, for which his account had been overdrawn, was paid, and the balance stood to his credit.   If it might have been inferred, from the fact of his drawing his check, as treasurer, for a like amount with that deposited, aided by any other facts stated in the report, that the bank had notice that it was the money of the plaintiffs, yet the contrary inference might legally be drawn from all the facts stated; and the finding of the judge shows that it was not proved to his satisfaction that they had such notice at any time before Tyler went into insolvency and the defendants' note became due.   After that, they had a right to appropriate the money as they did.   The findings as to matters of fact are not subject to exception.

*Exceptions overruled.*