THE DISTRICT TOWNSHIP OF BLUFF CREEK v. HARDINBROOK
ET AL.

**School District:** LIABILITY OF TREASURER. The liability of the treasurer of a school district is absolute for all funds which come into his hands in his official capacity, and, in case of loss, cannot be varied or diminished by the cause or manner of the loss.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, DECEMBER 16.

THIS action is brought upon the official bond of Isaac Hardinbrook, as treasurer of the District Township of Bluff Creek, in Monroe county, dated March 24, 1870. The defendant admits that he has failed to pay over $200 of the money received by him as treasurer, and avers that he made a special deposit of that sum as treasurer in the Albia Deposit Bank, that being all the money then in his hands as treasurer, and he believing such deposit safe and prudent; that afterwards the bank failed, and the money was wholly lost without his fault. There was a trial to a jury, who found for defendant. The court set the verdict aside on the ground that the evidence did not show a separate deposit. The defendant appeals.

*Perry & Townsend,* for appellants.

*Dashiel & Anderson,* for appellee.

COLE, J.—Upon the trial before the jury, the defendant was introduced as a witness, and testified that he made a deposit of two hundred dollars of the money held by him as treasurer in the Albia Deposit Bank, and told the cashier at the time that he wanted to make it a *special* deposit; that an ordinary certificate of deposit, drawing interest, was given him in his own right, and he did not notice the mistake until after the bank had failed; that it was his intention to make a special deposit as treasurer, and he supposed the certificate so showed. He then defined the deposit he intended to make, and which

he called and supposed would be a special deposit. After the jury found a verdict for defendant, the court set it aside because the deposit as intended was not a special deposit. Whether it was or not is the question argued by counsel before us. We do not stop to consider whether the statement of the deposit intended would constitute a special deposit or not, because we have twice held, recently, that the treasurer was absolutely liable for the money coming into his hands as treasurer, regardless of the cause of, or the circumstances attending, its loss. *The District Township of Taylor v. Morton*, 37 Iowa, 550; and *The District Township of Union v. Smith*, 39 Iowa, 9. The order setting aside the verdict was, therefore, right.

AFFIRMED.