Lowry v. Polk County.

LOWRY v. POLK COUNTY.

1. **County Treasurer:** DEPOSIT OF PUBLIC MONEY. The fact that the county does not provide a safe or suitable place where its money may be kept will not release the treasurer from liability if he deposits it in a bank where, by reason of the failure of the bank, it is lost.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 26.

THE plaintiff was elected treasurer of defendant in 1873, qualified, and entered upon the discharge of his duties. The county failed to provide a suitable safe or vault in which the public money could be safely kept. The plaintiff deposited the money coming into his hands in banks, and had on deposit with F. R. West & Sons several thousand dollars at the time they failed.

The plaintiff was again elected treasurer in 1875, and tendered his bond as such to the board of supervisors, who refused to approve or accept the same because the plaintiff had not accounted for the money on deposit with West & Sons, and did not propose to do so, but claimed the loss must fall on the county and not on him. Whereupon an arrangement was made whereby the bond was approved, and this action brought for the purpose of determining whether

the plaintiff was liable for said loss. The Circuit Court having so found and adjudged, the plaintiff appeals.

*Barcroft, Given & Drabelle,* for appellant.

*W. E. Miller,* for appellee.

SEEVERS, J.—The official bond given by the plaintiff provides, among other things, that he "shall  *  *  exercise all reasonable diligence and care in the preservation and lawful disposal of all money  *  *  *  *  appertaining to his office." This provision was construed in *Ross v. Hatch,* 5 Iowa, 149, and it was there held, where money had been stolen from the county treasury without any want of reasonable care and diligence on the part of the treasurer, that he was not liable for the loss.

1. COUNTY treasurer: deposit of public money.

The case at bar is materially different from the one cited, in this: In that case the money was stolen from the "county treasury;" in this it was not in the treasury, but had been deposited, by the voluntary action of the plaintiff, with West & Sons, and thereby lost. It is true no suitable place had been provided by the county in which public money could be safely kept, but there is no provision of law imposing such duty on the defendant. This the plaintiff was bound to know when he entered upon the discharge of the duties of said office.

The action of the plaintiff in depositing the money received by him in banks was purely voluntary, because there is no evidence tending to show he ever requested the defendant to provide a suitable place in which it could be safely kept.

It is not deemed necessary to refer to the evidence as to the character and standing of West & Sons, or determine whether reasonable care was exercised by the plaintiff when the deposit was made with them.

It does not distinctly appear whether the money was deposited in the name of the plaintiff, or in his name as county treasurer. It was one or the other, and it is not regarded as

material which. It was deposited, as deposits are usually made, from time to time, and checked out as the necessities of the treasury required. That such money became the property of West & Sons from the time it was deposited is believed to be, without doubt, true. *Marine Bank v. Fulton Bank*, 2 Wall., 252; *School District v. First National Bank*, 102 Mass., 174.

The relation of debtor and creditor, therefore, existed between plaintiff and West & Sons from the time the deposit was made.

County treasurers are prohibited by statute from "loaning out or in any manner using for private purposes State or county funds in their hands." Code, § 912.

The deposit in effect constituted a loan from the plaintiff to West & Sons, or a using of the money for private purposes, and was, therefore, an unlawful disposal of public money, and this constitutes a breach of the bond. Having failed to make a "lawful disposal" of the money the plaintiff is not excused from liability because of the failure of the bank in which it was unlawfully placed.

The claim made that the deposit was special is not well grounded. Such a deposit is one where, as we understand, the depositor receives back the identical money or thing deposited. In such case the right of property remains in the depositor.

The evidence does not warrant any such conclusion in this case.

AFFIRMED.