# THE STATE OF IOWA,

## DES MOINES, DECEMBER TERM, A. D. 1881.

IN THE THIRTY-FIFTH YEAR OF THE STATE.

---

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
 "  WILLIAM H. SEEVERS, ⎫
 "  JAMES G. DAY,    ⎬ JUDGES.
 "  JAMES H. ROTHROCK, ⎭
 "  JOSEPH M. BECK,

---

## LONG v. EMSLEY ET AL.

1. **Township Clerk: PUBLIC FUNDS: ACTION FOR.** A township clerk may maintain an action to recover public funds in the hands of third persons.

2. ——: ——: DEPOSIT OF. Where a township clerk deposits public funds in a bank in his individual name, it amounts to a conversion, and the funds become his individual property.

3. ——: ——: GARNISHMENT OF. Public funds deposited by a township clerk in his individual name, are liable to the process of garnishment, and when paid over, before notice to the judgment creditor, cannot be recovered by the clerk.

4. ——: EXEMPLARY DAMAGES. In such case, even if the attaching creditor knew the funds were public funds and not the individual fund of the clerk, he would not be liable to exemplary damages.

*Appeal from Cerro Gordo Circuit Court.*

SATURDAY, OCTOBER 22.

THE defendants are bankers, and as such had on deposit public money collected by the county treasurer. The plaintiff was township clerk, and said treasurer gave a check payable to the plaintiff in his individual capacity. The money in fact belonged to the township of which defendant was clerk. The check was paid by plaintiffs and the money deposited in the bank of Kirk Bros. to the individual credit of the plaintiff. Kirk Bros. had no notice the money belonged to the township. The defendants on the day the deposit was made obtained knowledge of such fact and acting for others caused Kirk Bros. to be garnished as the debtors of the plaintiff individually. Such proceedings were had that judgment was rendered against Kirk Bros. as garnishees and they paid the judgment to the defendants who were authorized to receive it. This action is brought to recover said money. In addition to which the plaintiff sought to recover exemplary damages. Trial by jury, verdict and judgment for the plaintiff, but both parties appeal. The defendants, however, first appealed.

*Miller & Cleggett*, for appellants.

*Weber & Sherwin*, for appellee.

SEEVERS, J.—I. The amount of money paid on the judgment against Kirk Bros. was less than one hundred dollars, but judgment was asked for one hundred and fifty dollars and exemplary damages. It seems, therefore, the amount in controversy, as shown by the pleadings, is more than one hundred dollars. The Circuit Court, however, doubted whether this

was so, and has certified certain questions under the statute upon which it is said to be desirable to have the opinion of the Supreme Court. As such questions fairly and fully present matters which, when determined, are decisive of this appeal, we shall regard them as presenting the errors relied on without regard to the question whether the certificate was essential to give this court jurisdiction.

We are asked whether "a township clerk can prosecute an action to recover public money, such as road funds, belonging to his township, in the hands of third parties." This question under the circumstances before stated must be answered in the affirmative. The plaintiff claims to have been illegally deprived of the money and he is entitled to the same in his official capacity, and we think he can maintain an action therefor in such capacity.

1. TOWNSHIP clerk: public funds: action for.

II. We are asked whether:

"When a township clerk has received public money of the township in his capacity of clerk, and has deposited the money with a bank or banker, in his individual name, as a general deposit, without disclosing the fact that the money was a public fund, but without adding or mixing it with his individual money, does the money in law, as to third parties without notice, remain a public fund; or has it become the individual property of the township clerk?"

2. ——: ——: deposit of.

We think the money becomes the individual property of the person making the deposit. *Lowry v. Polk County*, 51 Iowa, 50; *School District in Geeenfield v. First National Bank*, 102 Mass., 174. In this last case the facts were much like those in the case before us. The essential difference being that the bank in which the deposit was made, appropriated the money without legal process in payment of the individual debt of the person making the deposit. By whom the money is seized cannot make any difference. The essential fact is to whom did the money belong after it was deposited. That it

belonged to Kirk Bros. and that the relation of debtor and creditor existed between them and the plaintiff as an individual was expressly held in *Lowry v. Polk County*, before cited. There is no statute authorizing the township clerk to deposit public money in a bank, and when he does so, such deposit, as between him and the township, amounts to a conversion.

III. We are further asked:

"In such case if the moneys deposited with the bank or banker, are held to be still public funds, are they subject to be attached by garnishment on execution in favor of a creditor, who has no notice at the time that they are public funds?"

3. ——:——: garnishment of.

As it has been held the funds after they have been deposited, are the individual property of the banker, and the relation of debtor and creditor existed between him and the person making the deposit. Such funds are liable to be seized by the process of garnishment. We are also asked: ·

"In such case if after the service of the process on the bank as garnishee, and after judgment is rendered against the garnishee, and the money paid and credited on the judgment against the township clerk individually, without notice to the township clerk, the judgment creditor receives notice that the funds attached were public funds, can they be recovered in an action brought by the township clerk against the judgment creditor, or his agent, who received the money?" ·

The only difference between this and the foregoing question is that after the money has been paid to the creditor he is notified it belongs to the township. This question must be answered in the negative. Expenses had been incurred by the creditor before he was so notified and we do not think the plaintiff can be permitted to recover of his creditor, money which has been lawfully paid to him.

IV. The last question certified is as follows:

"In such case if the judgment creditor, at or before the

.time he attached the funds, knew that they were public funds
4. ——: ex-  and not individual funds of the township clerk,
emplary dam:
ages.  would he be liable to exemplary damages."

This question must have been certified in the interest of
the plaintiff as the court set aside so much of the verdict as
gave him exemplary damages. This question must, we think,
be answered in the negative. If the creditor did know the
funds belonged to the township he would not be liable to ex-
emplary damages. This question of course is predicated upon
the fact the creditor knew public money had been deposited
to the individual credit of the plaintiff. Now whether it was
liable to be seized by the creditor by the process of garnish-
ment is a purely legal question, and if the creditor should in-
correctly determine the same, malice could not be predicated on
or because of such determination. On plaintiff's appeal the
judgment is affirmed, and on defendant's

REVERSED.