[The following opinion should have appeared in volume 58, but was, by some oversight, omitted from that volume. REPORTER.]

## WEBSTER COUNTY v. HUTCHINSON ET AL.

1. **County Treasurer:** SETTLEMENT WITH SUPERVISORS: HOW FAR CONCLUSIVE UPON HIMSELF AND SURETIES. Where a county treasurer was elected for a new term, and, before the approval of his new bond, settled with the county supervisors, and the supervisors, pursuant to section 690 of the Code, indorsed upon his new bond a certificate, stating that he had fully accounted for and produced all the funds with which he was chargeable, as shown by his balance-sheet, which he had certified to be correct and which they had approved, *held*, in an action against the treasurer and the sureties on his new bond, for a defalcation alleged to have occurred during his new term of office, that, while the treasurer himself was estopped, his sureties were not estopped, by the representations of the treasurer in such settlement, from showing, in their own exoneration, that the treasurer had not in fact, at such settlement, produced the funds with which he was chargeable, as shown by his balance-sheet, but that he had produced certificates of deposit, checks and other promises to pay, which had been loaned to him for the purposes of such settlement, and did not represent money in his hands, but which the supervisors had unlawfully counted as money, without making due inquiry as to their value, and that the defalcation of their principal had actually occurred prior to such settlement, and prior to the date of the bond on which they were holden.

2. **Jury:** DRINKING INTOXICATING LIQUORS: NEW TRIAL. A new trial was properly refused when demanded by one defendant, on the ground that the jury had during the trial been drinking intoxicating liquors, but it appeared that only one of the jurors had been so drinking, and he at the solicitation of a co-defendant.

3. **Practice in Supreme Court:** ARGUMENT ON RE-HEARING. The petition for a re-hearing is the argument therefor. If the court so indicates, the opposite party may file a reply. Rule 88, Code, § 3202. But this is the end of the argument; and a rejoinder to such reply will, on motion, be stricken from the files.

*Appeal from Webster Circuit Court.*

THURSDAY, OCTOBER 5.

THIS is an action on the official bond of the defendant, Hutchinson, who was elected and served as treasurer of

VOL. LX—46

Webster county for five full terms. He was last elected in
October, 1875, and the bond in suit was given and approved
January 8, 1876. At the expiration of his last term of office,
in January, 1878, it is claimed that he was a defaulter in a
large amount, which by this suit was sought to be recovered
of the sureties on his bond, who with him were made defend-
ants in the action. There was a trial by jury, and a verdict
and judgment for the plaintiff. Defendants appeal.

*A. E. Clark, A. N. Botsford* and *Hubbard & Clark,* for
appellants.

No appearance for the appellees.

ROTHROCK, J.—At the time the bond in suit was approved,
a certificate was indorsed thereon in these words: "We, the
1. COUNTY    undersigned members of the board of super-
treasurer:
settlement   visors of Webster county, hereby certify that J.
with super-
visors: how  Hutchinson, former incumbent of the office of
far conclusive
on himself   treasurer of said county, has fully accounted for
and sureties.
and produced the funds in his hands, as shown by the balance-
sheet approved by us this 8th day of January, 1876." This
certificate was signed by all of the members of the board of
supervisors, and was made in compliance with section 690 of
the Code. That Hutchinson was a defaulter when he finally
went out of office in 1878, is conceded; but the sureties in
the bond in suit insisted that this defalcation occurred during
his prior terms of office, and that the members of the board
of supervisors knew of such defalcation when the bond in
suit was accepted and approved, and that the sureties had no
such knowledge.

Upon this branch of the case the defendants introduced
evidence tending to show that, at the settlement made with
Hutchinson in January, 1876, and just previous to the ap-
proval of the bond in suit, there was an apparent balance of
$29,000 against the treasurer, which should have been on
hand, and that the actual amount of money on hand was

but $4,000; that the deficit was made up of certificates of deposit from banks, and checks, and, as Hutchinson, who was a witness upon the trial, expressed it, "whatever stuff I could gather up for that purpose." It was further shown that these certificates of deposit, checks, etc., did not really represent money, but that they were obtained by Hutchinson for the purposes of the settlement, and, as soon as the desired object was effected, they were handed back to the banks and other parties who issued them. The defendants also offered to show that the board of supervisors at the time of said settlement knew that the requisite funds were not on hand, and that, nevertheless, they made up the balance-sheet showing such to be the fact.

This evidence was all excluded, and the court instructed the jury to the effect that the settlements made, wherein the treasurer, as shown by the books of his office, charged himself with the balances of cash belonging to the different funds, are conclusive evidence that the money was not before that time misappropriated and delinquent.

If there were no evidence in this case as to the state of the accounts at the time of the settlement preceding the approval of the bond in suit, and the books of the treasurer showed that at such settlement the proper amount of money was on hand, as the law presumes that all public officers do their duty, it would be a fair presumption that the members of the board of supervisors made such a settlement as the law requires; that is, that the treasurer, in the language of the statute, "produced all funds" with which he was properly chargeable. In such case we have held that the treasurer and the sureties upon the bond were estopped from showing that there was a shortage at the time of such settlement. *Boone County v. Jones*, 54 Iowa, 699. In that case it is said: "It must be presumed the members of the board did their duty by counting the money which his (the treasurer's) report showed should be on hand." The decision was based upon the principle that if, by showing up and producing the

funds, the treasurer misled the board by producing money neither belonging to himself nor to the county, he and his sureties were estopped by the settlement from showing that it was not correct, because the board acted upon what appeared to be a fair settlement. The case at bar is, however, very different. Here it was shown that the board made no such settlement as the law required. They counted as cash many thousands of dollars in certificates of deposit and checks and other promises to pay. They were not misled by the production of the money of another for the purposes of a settlement. The law at that time did not authorize a treasurer to settle with promises to pay, such as certificates of deposit and the like. He was not authorized to make deposits. See *Lowry v. Polk County*, 51 Iowa, 50. It appears in evidence that these certificates of deposit, and other written instruments with which the settlement was effected, were without any validity—that they were merely loaned for the purpose of a settlement. The members of the board were derelict in their duty in not requiring the treasurer to produce the "funds"—the money, or, at least, in not making inquiry of the proper parties as to what value the paper in question possessed. It is true that a public officer who is by law made custodian of public funds may, by producing the money of another, deceive the officer with whom he is required to settle; and in such case we held, in *Boone County v. Jones*, that, the settlement and accounting having been made according to the requirements of the law, the sureties of such officer are bound thereby; but we know of no principle by which a surety may be concluded, where the books have been balanced without the production of the amount of funds which should be on hands.

In our opinion, the sureties were not estopped from showing that the shortage of Hutchinson accrued in a prior term, when it appeared that the board of supervisors, as the representatives of the public, knew, when they made the indorsement on the bond and approved it, that he had not produced the funds which should have been in his hands.

This appeal involves other important questions which we do not deem it proper to determine in the present attitude of the case. For some reason, the plaintiff has made no appearance in this court. A submission of the cause was taken without appearance or argument by appellee. Upon an examination, we found that important questions were involved, and upon our own motion the submission was set aside, and the cause was set down for argument by appellee. No argument having been made, the appellant again urged a submission. Under these peculiar circumstances, we do not regard it as prudent to determine more than is necessary, and we content ourselves by disposing of the one question which we have above discussed.

REVERSED.

ON REHEARING.

SEEVERS, CH. J.—Upon the application of the plaintiff a re-hearing was granted, because it was claimed that the judgment should not have been reversed as to the defendant, Hutchinson. The latter made a report to the board of supervisors at the time the bond sued on was approved and accepted, in which was stated the amount of money belonging to the various funds in his hands, to which was attached a certificate signed by him as follows: "I hereby certify that the within is a true statement of the condition of the treasurer's office and cash now in my hands as treasurer of Webster county." On the trial said Hutchinson sought to prove that said report and certificate were false, and that he did not have the money on hand as therein stated, and also that the board had knowledge of such fact before and at the time the bond was approved. The court refused to permit the evidence to be introduced. Before the bond could be legally approved, the board should have ascertained that Hutchinson had in his hands the money shown by the report to be due the county. Code, § 690. The defendant knew, when he made the report and certificate, they were false

SAME.

and fraudulent. Both were made for a fraudulent purpose. We think he is estopped from showing that he did not have the money on hand as he represented he had, as thereby he procured the approval of the bond whereby the county has been prejudiced. The fact that the board knew of the fraud and participated therein, should not prevent the operation of the estoppel in favor of the county and against Hutchinson, the person by whom it was perpetrated. The court, therefore, did not err in rejecting the evidence aforesaid.

It is insisted by said Hutchinson that, because of the misconduct of some of the persons composing the jury, a new

2. JURY: drinking intoxicating liquors: new trial.

trial should have been granted. It is claimed they drank intoxicating liquors during the trial. We have examined the evidence bearing upon this question, and our conclusion is that, with one exception, the court was warranted in finding that a preponderance of the evidence was to the effect that said jurors did not drink intoxicating liquors. The exception is that one of the jurymen did drink such liquors at the instance and solicitation of one of the defendants. We are not prepared to hold that a new trial should be granted in such case. The former judgment of this court is, therefore, modified. The judgment of the court below must be reversed as to all the defendants except Hutchinson, and as to him it will be affirmed.

The appellee filed the usual petition for a re-hearing, and thereon a re-hearing was granted. The appellee then filed

3. PRACTICE: in supreme court: argument on rehearing.

what is designated as an argument on re-hearing. To this the appellants filed a reply. Thereupon the appellee filed a further argument. Appellants move the court to strike the latter from the files, because the same is unauthorized and unknown to the law. Both the statute and rules of the court in terms provide that the petition for a re-hearing shall stand as the argument of the petitioner therefor. If the court so indicates, the other party may file a reply to the petition. Rule 88, Code, § 3202.

When the re-hearing was granted, the court directed that

an argument be filed. This contemplated such argument only as was authorized by the rules and statute; that is a reply to the petition for a re-hearing. This is the end of the argument. Neither party can file anything additional. The motion to strike must be sustained. As we have read all that has been said by counsel, the only effect of the ruling is to tax the costs of printing the paper struck from the files to the appellee. This, however, is not material in this case, because we deem it proper on our own motion to direct that all the costs of the re-hearing be taxed to the appellee. We need not state the facts in relation to the submission of this cause. They were peculiar, and counsel will understand why we deem this order just and equitable.