## SANDERSON *et al.* v. CERRO GORDO COUNTY.

**Parties to Actions:** TOWNSHIP TRUSTEES: LOCAL BOARD OF HEALTH. Where the trustees and clerk of a township, in their capacity as a local board of health, have expended money, collected by tax upon the township, in payment of a physician employed by them in the suppression of small-pox, they cannot maintain an action against the county for the recovery of the money (conceding the liability of the county to repay it), because they are not the real parties in interest, nor trustees of an express trust. (See Code, secs. 2543, 2544.)

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK, Judge.

FILED, MAY 15, 1890.

THE plaintiffs are the trustees and the clerk of Grant township, in the defendant county, and by·virtue of their offices they constitute the board of·health of said

township. The petition shows that in August, 1886, certain inhabitants in said township were infected with small-pox to the extent that the public health of the township was in danger; that, to make suitable provisions against such danger, the plaintiffs, as a board of health, appointed one J. R. Jones as a physician for the board, and directed him to take charge of the matter, and adopt such measures as he thought suitable to prevent the spread of the disease; that said Jones, in the performance of said duty, rendered services of the value of $170.50; that the plaintiffs, in their capacity as trustees and clerk of said township, levied a tax of three hundred dollars on the taxable property of the township in September, 1886, for the use of said board of health in small-pox matters, which was collected by the treasurer of the county, and paid over to said Grant township; that on November 1, 1886, the board of health paid from the money so raised the amount due said Jones; that the claim therefor was filed with the board of supervisors of the defendant county, and by it refused. The petition avers that the plaintiffs are entitled to recover the amount for the use of the board of health of said township, and asks judgment accordingly. To the petition a demurrer was filed, and, among other grounds, it is urged that the plaintiffs are not proper parties to maintain the suit. The district court sustained the demurrer, and from a judgment for the defendant the plaintiffs appeal.

*John Cliggit*, for appellants.

*J. J. Clark*, County Attorney, for appellee.

GRANGER, J.—We deem it unnecessary to refer to more than one ground of the demurrer, as it seems decisive of the case. There is no pretense, but in fact it is expressly urged, that the suit is by the plaintiffs in their official capacity, for the "use and benefit of the township, or for the local board of health." The action

is at law, and we must look to the provisions of the statute for a recognition of their right to bring the suit. Appellants do not attempt to point out a section of the statute or a decision as authority for this proceeding, except the case of *Long v. Emsley*, 57 Iowa, 13, wherein it was held that a township clerk could maintain a suit to recover money to which he was entitled by virtue of his office, such as road funds ; but the facts in this case are widely different. We know of no law giving the plaintiffs the right to receive and hold the funds in question, conceding the liability of the county for its payment. Code, section 2543, provides that "every action must be prosecuted in the name of the real party in interest, except as provided in the next section." It is plain that the plaintiffs are prosecuting the suit in a representative capacity, and we inquire if they come within the exceptions of section 2544. It provides : "An executor or administrator, a guardian, a trustee of an express trust, a party with whom or in whose name a contract is made for the benefit of another, or a party expressly authorized by statute, may sue in his own name, without joining with him the party for whose benefit the suit is prosecuted." With all that appellants claim, the township or the board of health must be held as the real party in interest. Appellants say that the "local board  *  *  *  have a trust capacity" which entitles them to act. If it is true that they have as to the funds in question,—which we must not be understood as holding,—still it is not an express trust, but one clearly arising by implication, and the plaintiffs are not within the provision of the statute. We think it unnecessary to elaborate, and the judgment of the district court is ·      AFFIRMED.