## THE INDEPENDENT DISTRICT OF BOYER v. KING.

**School Funds:** DEPOSIT IN BANK WITH NOTICE TO BANKER: IMPLIED TRUST: RIGHTS OF DISTRICT UPON BANK'S FAILURE. Where the treasurer of the plaintiff school district, contrary to law, deposited the funds of the district in a bank owned and operated by defendant's assignors, notifying the bankers at the time that it was

| | |
|---|---|
| 80 | 497 |
| 80 | 507 |
| 80 | 497 |
| 81 | 495 |
| 80 | 497 |
| 84 | 232 |
| 80 | 497 |
| 85 | 63 |
| 80 | 497 |
| 88 | 200 |
| 80 | 497 |
| 96 | 275 |
| 97 | 575 |
| 101 | 491 |
| 101 | 537 |

| | | | |
|---|---|---|---|
| | | 80 | 497 |
| | | J102 | 205 |
| 80 | 497 | | |
| f134 | 232 | | |
| | | 80 | 497 |
| | | 104 | 715 |
| | | 105 | 305 |
| 80 | 497 | | |
| 110 | 65, | d107 | 56 |
| | | d107 | 225 |
| | | 107 | 630 |

The Ind. Dist. of Boyer v. King.

school money, but carrying the account in his own name, though mingling none of his own money in the same account, and the bankers became insolvent, and assigned their property to defendant for the benefit of their creditors, and among that property was a sum of money in excess of the balance of school money then remaining on deposit, *held* that the bankers took and held the school money not as their own, nor as that of the depositor, but in trust for the plaintiff district; that though none of the identical school money remained in their possession it must be presumed, at least until the contrary is affirmatively shown, that the property which they assigned was greater in value by the balance of school money on deposit at the time of the assignment; and that defendant was properly ordered to repay such balance to the plaintiff in preference of all other creditors. ( See opinion for a discussion of the subject upon the authorities.)

*Appeal from Harrison District Court.*—Hon. Scott
M. Ladd, Judge.

Filed, June 4, 1890.

Action in equity to recover for money deposited by the treasurer of plaintiff with the assignors of defendant. There was a trial by the court, and a decree in favor of the plaintiff. Defendant appeals.

*S. I. King*, for appellant.

*H. H. Roadifer* and *J. W. Barnhart*, for appellee.

Robinson, J.—The plaintiff is an independent district, duly organized for school purposes under the laws of Iowa. For some years preceding the commencement of this action one M. W. Wilson was the treasurer of plaintiff, and as such received considerable sums of money, which he deposited from time to time in a bank owned by Phineas and William C. Cadwell. On the ninth day of October, 1888, the Cadwells, being insolvent, made to defendant a general assignment for the benefit of their creditors. The defendant qualified as assignee, and entered upon the discharge of the

duties of the position. The liabilities of the insolvents were found to be largely in excess of their assets. Among the former was a credit of $557.17 in favor of M. W. Wilson. Among the latter was the sum of $835.61 in money. Wilson visited the bank of the Cadwells about the first of September, 1885, to deposit the money of plaintiff, which was then in his hands, and informed Phineas Cadwell, who was president, that he desired to deposit school money. He was given a book marked " Cadwell's Bank, in account with M. W. Wilson." All the money he ever deposited in that bank belonged to plaintiff, although the account thereof was kept in his name. He made deposits continuously, and drew his checks against them from time to time as was required. The amount to his credit was the balance of his deposits remaining after deducting the amount of his checks which had been paid. The district court found that the money was deposited in trust for the benefit of plaintiff; that the Cadwells knew that fact; and that they had no authority to transfer it to defendant for the benefit of their creditors. The decree awarded to plaintiff the full amount of the aforesaid balance.

I. The principal question presented for our determination is whether the money deposited by Wilson was so impressed with the character of a trust fund that it can be followed, and the trust enforced against the estate of the Cadwells in the hands of their assignee, to the prejudice of their general creditors. It does not appear that any of the identical money deposited went into the possession of defendant. On the contrary, the admitted facts justify the conclusion that he received but little, if any, of it; and, if a trust for the amount in question is established, it must be on the ground that the deposits must be held to have increased the estate of the insolvents, and that the balance due is represented by an increase now in the hands of the assignee. The treasurer of a school district is not authorized by law to deposit the school money in bank.

He is required to hold all money belonging to the district, and to pay out the same on the order of the president, countersigned by the secretary. Code, sec. 1747. He is liable for all such money which comes into his hands, even though it be stolen without fault on his part. *District Twp. v. Morton*, 37 Iowa, 551. He is also liable therefor, even though it be destroyed by fire ( *District Twp. v. Smith*, 39 Iowa, 10 ); or lost by the failure of the bank in which it was deposited ( *District Twp. v. Hardinbrook*, 40 Iowa, 130 ). It is well settled that, as a rule, one who makes a general deposit in a bank parts with his title to the money so deposited, and that the bank acquires it. The transaction creates the relation of debtor and creditor, and is, in effect, a loan by the depositor to the bank. *Marine Bank v. Fulton Bank*, 2 Wall. 252 ; *Thompson v. Riggs*, 5 Wall. 663 ; *Bank v. Millard*, 10 Wall. 152 ; *Ætna Nat. Bank v. Fourth Nat. Bank*, 46 N. Y. 86 ; *In re Franklin Bank*, 19 Amer. Dec. 413, and note ; *Foley v. Hill*, 2 H. L. Cas. 28. And it has been held that the same rule applies to deposits of public funds by officers to whom they are intrusted by law, where the fact that the deposits are of public funds is not known to the bank. *Long v. Emsley*, 57 Iowa, 12 ; *Lowry v. Polk County*, 51 Iowa, 50 ; *School District v. Bank*, 102 Mass. 174.

When Wilson made the deposits in question, he had no title to the money, excepting that acquired by virtue of his office as treasurer, and no right to part with that title by making a general deposit. The Cadwells were fully advised as to the material facts, and therefore could acquire no title to the deposit adverse to the plaintiff. As to them, the money deposited constituted a trust fund, which they had no right to convert to their own use, and the fact that they mingled it with other money, so that the identity of that deposited was lost, would not destroy the trust character of the deposits, nor prevent the enforcement of the trust against property to which they had contributed. To hold otherwise would be to ratify a wilful violation of

law at the expense of an innocent party, and thus perpetrate a wrong. The defendant acquired no property rights, as against plaintiff, which the Cadwells could not have enforced, and he has no special interest which requires protection. The same is true of the general creditors. They are entitled only to so much of the estate of the insolvents as remains after liens paramount to their claims and other preferred charges are satisfied. Although there is conflict in the decisions of the courts, yet we think that our conclusions are not only in harmony with the principles of equity, but that they are supported by the greater number of recent authorities. See *McLeod v. Evans*, 66 Wis. 406; 28 N..W. Rep. 173, 214; *Peak v. Ellicott*, 30 Kan. 161; 1 Pac. Rep. 499; *Harrison v. Smith*, 83 Mo. 212; *People v. City Bank of Rochester*, 96 N. Y. 35; *Bank v. Weems*, 6 S. W. Rep. 802; *National Bank v. Insurance Co.*, 104 U. S. 61.

Much of what was said in *Davenport Plow Co. v. Lamp*, *post*, p. 1̶2̶2̶, is applicable to this case. It is claimed, in effect, that the conclusions we now announce are in conflict with the doctrines expressed in *Long v. Emsley*, 57 Iowa, 12, and *Lowry v. Polk County*, 51 Iowa, 50. In the case cited, the question involved was the liability of the county treasurer for money which came into his hands by virtue of his office, and which was lost by reason of the failure of the bank in which he had deposited it. This court held that the depositing of the funds was in violation of law, and, in effect, a conversion of them, and that the treasurer was liable for their loss. The right of the *cestui que trust* to follow the funds, and have a trust therefor established and enforced, was not involved in the case.

In *Long v. Emsley*, a township clerk had deposited money of the township in a bank in his individual name, without disclosing the fact that it was money he had received by virtue of his office. The bankers were garnished, and proceedings were had which resulted in a judgment against the bankers as garnishees for the

money in question. After the judgment was rendered, they paid the money to the defendants in the case named. It was held that the township clerk could not recover the money so paid. The garnishees did not know that the money deposited had been public money until after the process of garnishment had been served, and stress is laid upon that fact, and upon the further fact that there was a conversion of the funds deposited. It is undoubtedly true that expressions were used in both cases which, if applied to the facts in this case, would tend to support the claim of appellant that appellee is not entitled to the enforcement of a trust against the property in the hands of the appellant. But the language used in those cases must be construed in connection with the facts to which it referred. Conceding that the acts of Wilson in making general deposits of the school funds were in violation of law, it does not follow that plaintiff was a party to those acts, and bound by them. The money deposited by Wilson was received by the Cadwells, mingled with their general funds, and paid out in the ordinary course of business. It is insisted by appellant that none of the money so deposited has been traced into any of the property of the Cadwells which went into the possession of defendant, and hence that no trust can be enforced for that reason. But it is not necessary to trace the balance of the money deposited into some specific property before the trust can be enforced. It is sufficient if it can be traced into the estate of the defaulting trustee. *McLeod v. Evans*, 66 Wis. 409; 28 N. W. Rep. 173, 214, and cases therein cited. In this case it appears that the money in question was received by the Cadwells, and that their estate was increased by that amount. As they received it knowing its trust character, it will be presumed, in the absence of a showing to the contrary, that it was preserved by them in some form, and that it passed into the hands of their assignee. It is not material for the purpose of this case whether the balance was preserved in the form of money or in

other property. It is only necessary that it appear, by presumption of law or otherwise, that it has been preserved in the hands of defendant. The money having been traced to the estate of the Cadwells impressed with the character of a trust fund, the burden was upon defendant to show that it contributed nothing to the estate which he acquired by virtue of the assignment, and that he has failed to do. It is true, the record submitted to us authorizes the conclusion that the Cadwells lost much property in their business transactions, but we must presume that they lost their own property, and not that of plaintiff. We conclude that the judgment of the district court is correct, and it is, therefore,

AFFIRMED.