A. A. HENRY, Appellant, v. L. B. WILSON, Garnishee, and C. S. BROOKS, Intervenor, Appellees; and A. MCKENZIE, Appellee, v. L. B. WILSON, Garnishee, Appellee, and C. S. BROOKS, Intervenor, Appellant.

General Assignment for Benefit of Creditors: PREFERENCES: GARNISHMENT. An insolvent debtor, having made an assignment of certain promissory notes to one W., for the protection of W. and others against their contingent liability as sureties upon his official bond as treasurer of a school district, handed the same to one J. to deliver to W., and at the same time decided to make a general assignment for the benefit of his creditors; two days afterwards he executed and delivered such general assignment, and on the same day the said assignment of notes was delivered by J. to W. It appeared from the evidence that W. was to have power under the assignment to him to use the notes transferred for the purpose of raising money to meet the deficiency in the assignor's account with the school district. Such deficiency, however, was paid by one B., under an agreement with said insolvent and W. that he should have an assignment of the notes transferred to W., to indemnify him on account of such payment; but before and after such agreement W. was garnished by creditors of said insolvent, and in proceedings thereunder the said general assignment and the assignment of notes to W. were decreed to be invalid as constituting together a general assignment with preferences; to such

proceeding, however, B. was not a party. *Held*, that said decree was not binding upon B., and that he was entitled to said assigned notes, or their proceeds, to the amount paid to said school district, as against any garnishments of W. either before or after said agreement.

*Appeal from Taylor District Court.*—HON. R. C. HENRY, Judge.

THURSDAY, MAY 12, 1892.

L. B. Wilson was garnished, as a supposed creditor of L. S. Brooks, in two actions against him, in one of which the plaintiff was A. A. Henry, and in the other A. McKenzie. C. S. Brooks intervened in the garnishment proceeding in each case, claiming an interest in the property which Wilson held when garnished. The proceedings were, in effect, consolidated and tried together to the court. Judgment was rendered in favor of McKenzie as against the intervenor, and in favor of the intervenor as against Henry. The intervenor and Henry appeal.—*Upon appeal* of A. A. Henry, *Affirmed; upon appeal* of intervenor, *Reversed.*

*G. B. Haddock*, for plaintiffs, Henry and McKenzie.

*A. J. Johnson* and *Thos. L. Maxwell*, for intervenor.

ROBINSON, C. J.—In August and September, 1889, L. S. Brooks, a banker, was treasurer of the independent district of Lenox, in the county of Taylor, and L. B. Wilson was one of the sureties on his official bond. He was insolvent, and indebted to the district, as treasurer, in the sum of two thousand, nine hundred and twenty-four dollars and ninety-four cents. On the last day of August of the year named he made an assignment in writing to Wilson of promissory notes to the amount of about three thousand, five hundred dol-

lars, to protect him and his co-sureties from liability on
the bond, and delivered the assignment and the notes
to an attorney named Johnson for the use of Wilson.
Johnson had been employed by Wilson before that
time, but had no authority to act for him in accepting
the assignment and notes.  At the time these were de-
livered to Johnson, Brooks decided to make a general
assignment for the benefit of his creditors, but did not
carry his purpose into effect until Monday, the second
day of September of the year named.  On that day his
assignment to Wilson and the accompanying notes
were delivered by Johnson to Wilson, and accepted by
him for the purpose for which intended, and a general
assignment for the benefit of creditors was also exe-
cuted and delivered on the same day.  On the fourth
day of September, 1889, Wilson was garnished in the
suit of McKenzie v. Brooks, and on the twenty-first day
of the same month he was garnished in the suit of
Henry v. Brooks.  Judgment was afterwards rendered
against Brooks, and in favor of the plaintiff, in each
action.  When L. S. Brooks found that he was unable
to pay the amount due the district, he sent for his son,
the intervenor, C. S. Brooks, who lived in New Hamp-
shire, and asked his assistance.  The son finally ob-
tained the necessary money, and paid it to the person
who had succeeded his father as treasurer, on the first
day of October, 1889.  On the tenth day of that month
the instrument designed to have the effect of a general
assignment was adjudged to be void as against Henry,
McKenzie, and other creditors of L. S. Brooks, on the
ground that the two assignments were parts of one
transaction, constituting a general assignment, with
preferences.  In December, 1889, the son intervened in
the garnishment proceedings, and claimed an interest
in the notes delivered to Wilson, and their proceeds,
sufficient to replace the money he had paid to the dis-
trict treasurer.  The amount in controversy is two

thousand, nine hundred and twenty-four dollars and ninety-four cents. The district court tried the case as in equity, and found that McKenzie was entitled to be paid his judgment for three hundred and sixty dollars and fifty cents, with interest and costs, from that amount; and that the intervenor was entitled to the remainder. Judgment was rendered in harmony with the finding.

I. The intervenor claims, and the evidence shows, that he paid the money to the district under an agreement with his father and Wilson that the title to the money and notes held by the latter as security should be transferred to the intervenor to reimburse him for making the payment. When the payment was made, Brooks executed to the intervenor an assignment of the money and notes he so held, but with the provision that he should retain actual possession thereof until it should be determined that he had the legal right to make the assignment in case controversy should arise in regard to it. The intervenor arrived in Taylor county on the ninth day of September, 1889, and it was verbally agreed on that day, between himself and his father, that, if the intervenor raised the money to pay the district, he should take the securities held by Wilson as indemnity for making the payment. On the next day he told Wilson of the agreement. It is probable that the action of the district court in rendering judgment in favor of McKenzie and against Henry was due to the fact that the garnishment in the suit of the former was before, while that in the suit of the latter was after, this agreement was made.

The intervenor has argued at considerable length that the property in the hands of Wilson constituted a trust fund, against which the district could have enforced its claim for the amount the father owed, under the rule announced in *Independent Dist. of Boyer v. King*, 80 Iowa, 497, and other cases. We do

not find it necessary to decide the question thus presented. The adjudication in regard to the general assignment to which we have referred is of no force as to the intervenor, for the reason that he was not a party to it; and it seems to be conceded by all parties that Wilson had a valid claim upon the notes in question, and the money he received in payment of a part of them, to indemnify himself and others against loss on the bond when he was garnished. The assignment of L. S. Brooks to Wilson is as follows:

"Whereas, I am treasurer of the independent district of Lenox, Taylor county, Iowa, and it is thought that there may be difficulty in meeting payments of orders drawn on the various funds; and whereas, L. B. Wilson and others are sureties on my bond as such treasurer: Now, in consideration of the premises, and to protect said sureties from their contingent liability, and to provide and to meet such warrants as may be drawn on such funds, I hereby assign and transfer to said L. B. Wilson the following notes, as shown by schedules hereto attached, he to return to me or my assigns any amount of the same, or the proceeds thereof, not necessarily used for the purpose for which the assignment is made. Witness my hand this thirty-first day of August, 1889. L. S. Brooks."

This instrument, especially when considered with other evidence in the case, shows clearly that it was the intent of the parties to it to confer upon Wilson power to use the notes transferred in any proper manner, for the purpose of making good the deficiency for which L. S. Brooks was responsible to the district. The method in which the notes were to be used was not pointed out. It is evident, however, that they were not merely to be held by Wilson without action on his part, but that he was expected to take steps necessary to meet the obligation to the district in due time. The garnishment did not prevent Wilson from executing

the power conferred by the assignment to the extent necessary and proper to accomplish the purposes for which it was intended. It is the rule that the garnishee shall not, by operation of the proceedings against him, be placed in any worse condition than he would have been in had the defendant's claim been enforced against him by the defendant. *Huntington v. Risdon*, 43 Iowa, 518; Drake, Attachment, section 462. Wilson had the right to collect and use the notes transferred to him to pay the debt of his principal when garnished in the first suit. The agreement by which the notes and their proceeds were to be transferred to the intervenor did not in any manner prejudice the plaintiffs. It did not increase the amount of the debt for which the securities were held, nor depreciate their value, nor delay their collection, nor add anything to the amount for which they would be held, in the way of costs or otherwise. The transaction was entered into by all the parties to it in the utmost good faith and for a legal purpose. The burden was on the garnishee to show these facts, and to account for any notes or money not required to indemnify him for the debt of his principal. Subject to that limitation, he had the right to make to the intervenor the transfer in question, for the reason that it was a legal and proper method of accomplishing the purpose for which he received and held the property transferred, and no prejudice to the creditors of Brooks could result from the transfer.

No question in regard to the notes and money in the hands of Wilson, in excess of the amount paid to the district, is presented on this appeal. Counsel for the plaintiff discuss questions, including some in regard to the statute of frauds, which are immaterial, in view of the conclusions announced. The judgment of the district court is on the appeal of Henry affirmed, and on the appeal of the intervenor REVERSED.