If plaintiffs desire to amend, they may have leave to do so and apply for a new restraining order. If appeal is desired, bond will be fixed at the sum of one hundred ($100) dollars.

*H. C. Armstrong* and *Sprigg, Fitzgerald & Sprigg,* for plaintiffs.

*W. L. Miller,* for defendants.

## INTEREST ON PUBLIC FUNDS.

[Common Pleas Court of Miami County.]

STATE, EX REL CAMPBELL, PROSECUTING ATTORNEY, V. NATIONAL BANKS.

Decided, June, 1906.

*Banks—Liability of, for Interest on Public Deposits—Where the Character of the Deposits are Known—Relation of Quasi Trustee Created—Nature of Action for Recovery of Interest—Authority of the Prosecuting Attorney.*

1. Where a county treasurer without authority under the depository law, deposits the public funds with a bank which receives the funds with full knowledge of their character, and loans the same at interest, such bank will be required to account to the public for the interest so received.

2. The prosecuting attorney has authority to bring the action requiring the banks to account for, and restore such interest.

ALLREAD, J.

These actions are brought in the name of the State, for the use of Miami County, on the relation of the prosecuting attorney separately against each of the four national banks. It is alleged in brief, that the county treasurers of Miami county, in consideration of the banks paying to such treasurers the premiums for the official bonds, agreed with the banks that the public monies should be divided and deposited in such banks, and that in pursuance thereto one-fourth of the public monies from September, 1900, to the present time, has been deposited in each of the four banks named. That said banks obtained said funds well knowing the same to be public funds of said county, and after obtaining possession of the same as aforesaid, commingled the same with their own funds and loaned the same at interest and otherwise used said public funds as their own.

There are two causes of action representing the time covered by the terms of office of different treasurers. In the first cause

of action, it is conceded that the banks have accounted in full for the principal sum deposited, while in the second cause of action it is claimed that a portion of the principal sum still remains on deposit.

The prayer of the petition is for an accounting of the public funds claimed to be in the hands of the banks and of the interest thereon.

It is urged that the prosecuting attorney has no legal capacity to bring this action. Whether he has or not depends upon the scope of Section 1277, Revised Statutes. Originally this section was not broad enough, but with the present amendments it is sufficiently comprehensive to sustain the action.              j

The main contention is as to the liability of the banks for interest. The statutes of this state until the depository law was enacted and still, except as provided by that act, prohibit the county treasurer from loaning public funds with or without interest. But, if the treasurer nevertheless does loan the funds and secures a profit for himself, he is required to account for such profit to the county. *Eshelby* v. *The Board of Education,* 66 O. S., 71; *Incorporated Village of Glenville* v. *Englehart,* 19 C. C., 285.

The principle upon which this liability is founded is that the treasurer is merely the custodian and does not acquire title to the public funds.

It is equally clear, although no decision has been found in this state, that where a mere custodian of public funds deposits or loans them to a bank or other depository having notice of their character, no title to the funds is acquired, but such depository holds the same as a voluntary or *quasi* trustee. 2 Pomeroy on Equity, Sections 688, 1051; *State* v. *Foster,* 63 American State, 47; 29 L. R. A., 226; *Marquette* v. *Wilkinson,* 43 L. R. A., 40; *American Bonding Company* v. *National Mechanics Bank,* 99 Am. State, 466; *School Trustees* v. *Kerwin,* 29 Ill., 62; *National Bank* v. *Insurance Co.,* 104 U. S., 54; *Holmes* v. *Gilman,* 138 N. Y., 376; *Bircher* v. *Walthe,* 163 Mo., 461; *Independent District of Boyer* v. *King,* 80 Ia., 497; *Lincoln Savings Bank & Safe Deposit Co.* v. *Morrison,* 57 L. R. A., 885.

In the case of *National Bank* v. *Insurance Co., supra,* it is said that while the relation of a bank to its depositor is ordinarily that of debtor and creditor, yet if the money deposited is

held by the depository in a fiduciary capacity and is knowingly accepted by the bank, the fund in the hands of the bank is still impressed with the original trust and the bank assumes thereby a fiduciary relationship. Mr. Justice Matthews in the opinion cites with approval from the opinion in the case of *Pennell* v. *Deffell,* 4 De. G., M. & G., 372, as follows:

"It is, I apprehend, an undoubted principle of this court, that as between *cestui que* trust and trustee and all parties claiming under the trustee otherwise than by purchase for valuable consideration without notice all property belonging to a trust, however much it may be changed or altered in its nature or character, and all the fruit of such property, whether in its original or in its altered state, continues to be subject to or affected by the trust."

In the case of *The Ind. District of Boyer* v. *King, supra,* it is held that while ordinarily in case of a deposit the title to the money is transferred and the relation of debtor and creditor arises, this is not so as to public funds deposited with full knowledge of their character. In such case, the trust character of the fund still remains.

In case of *Holmes* v. *Gillman, supra,* it is held that the *cestui que* trust can follow the trust funds and claim the property into which such funds have been invested, together with its increase, providing such trust fund can be clearly ascertained. Peckham, J., in this case says:

"The right has its basis in the right of property and the court proceeds on the principle that the title has not been affected by the change made of the trust funds and the *cestui que* trust has his option to claim the property and its increased value as representing his original fund."

In the Nebraska case, 57 L. R. A., 885, it is said:

"The profits of trust money belong to the *cestui que* trust, and we see no warrant for limiting recovery to the actual sum invested."

In *State* v. *Foster, supra,* it is directly decided that the bank receiving deposits of public funds with knowledge of their character, becomes a *quasi* trustee and stands in the shoes of the depositing treasurer.

It is asserted by counsel for the banks, that if the depositing of the money by the treasurer in the banks be found to be illegal, no cause of action can be founded for the return of the

principal or the interest.  The doctrine is well established that no action can be maintained even by the state or its subdivisions upon an illegal contract (*State* v. *Buttles*, 3 O. S., 509; *Board of Education* v. *Thompson*, 33 O. S., 321). If, therefore, this cause of action was founded upon an illegal contract, the action could not be maintained, but in the case last cited a distinction is drawn between a suit upon the contract of loan or deposit and one for the restoration of money to its proper custody. It is said in the opinion (page 328) that an action for the restoration of the money to its proper custody would not be an action on the illegal contract, but in repudiation of it.

The action here is not founded upon the contract of the treasurer with the banks, but it is for an accounting of the public money in the hands of the banks and thereby to secure its restoration to the proper custody.  This accounting may therefore include not only the principal of the public funds but any accretion in the way of interest.  While it necessarily follows that no interest can be allowed upon the contract of loan, either express or implied, yet, if the public money in the hands of the bank was actually loaned at interest by the banks, as this petition avers it was, all profits or increments so arising would become a part of the fund itself and should be accounted for and restored to the public treasury.

It is not necessary to determine at this stage whether the liability for interest is confined to the investments or loans into which the public fund has been traced, or whether the commingling of the public funds with the general deposits of the bank would of itself create a liability for interest.  Such question will more properly arise upon the trial of the case.  The averment that the public funds were loaned at interest is sufficient against a general demurrer to create a liability.

It is also urged that a demand is necessary to create a liability for interest or a return of the funds, but the liability of of the banks for the earnings of the public funds does not depend upon demand, nor does the liability for an accounting or restoration of the funds to their lawful custody depend upon a previous demand.

The demurrer to the petition is therefore overruled.

*A. R. Campbell* and *Gilbert & Shipman*, for plaintiff.

*M. H. Jones, A. F. Broomhall, T. B. Kyle* and *R. J. Smith*, for defendants.