## THE DAVENPORT PLOW COMPANY v. LAMP.

**Trusts :** FOLLOWING TRUST FUNDS : ASSIGNMENT : PREFERENCES. The treasurer of the plaintiff corporation was induced by the president of another corporation, which afterwards made an assignment to the defendant, to loan the funds of plaintiff to defendant's assignor. This loan the president of defendant's assignor well knew that plaintiff's treasurer had no authority to make. The money so obtained was mingled with the money of defendant's assignor, and was used to pay its debts. *Held* that defendant's

assignor became a trustee of plaintiff for the funds so received, and was liable to replace the trust fund with other money in its possession, or with money realized out of other property; that defendant, as assignee, stood in its shoes, and acquired no higher rights with respect to that fund; and that he was under obligation to pay it in full out of the assets in his hands before making a *pro-rata* distribution to the other creditors of his assignor. (See opinion for citations.)

*Appeal from Scott District Court.*—HON. ANDREW HOWAT, Judge.

FILED, JUNE 4, 1890.

THIS is a proceeding by petition, asking that the defendant, an assignee, be ordered to pay plaintiff the amount of its claim arising on account of money paid by its treasurer without authority to the Globe Plow Works, which was used in its business and in the payment of debts. There was a trial to the court, and a judgment for a part of the sum claimed. Plaintiff appeals.

*Bills & Haas*, for appellant.

*W. K. White* and *Nathaniel French*, for appellee.

BECK, J.—I. There is no controversy as to the controlling or important facts of the case, which may be briefly stated. The plaintiff and the Globe Plow Works are each corporations. The plaintiff was settling up its affairs, having ceased the manufacturing business. It held notes executed by the Globe Plow Works, which were in the possession of its treasurer, who was induced by the president of the other corporation to discount one of them and pay the proceeds, amounting to more than five thousand dollars to the Globe Plow Works, which was used in its business and the payment of debts. The transaction was in the nature of a loan to the Globe Plow Works. Its president promised to see the money repaid to plaintiff within a term specified. The treasurer of plaintiff had no authority to pay

the money to the Globe Plow Works or to make a loan to it.· The Globe Plow Works made an assignment for the benefit of its creditors, the defendant being the assignee. The court below rendered judgment giving preference for a part of plaintiff's claim, on the ground that certain payments were made to creditors having the right to preference, which would require their claims to be first paid by the assignee. It ·was held that. plaintiff for the balance of his claim was entitled to no further preference, but an order was made for the *pro-rata* payment thereof, with all other claims established before the assignee.

II. It cannot be doubted that the Globe Plow Works held the money subject to the trust with which the treasurer of plaintiff was charged. The president of the Globe Plow Works, who induced the treasurer of plaintiff to advance money, was fully informed that the funds belonged to plaintiff, and the treasurer had no authority to loan or advance them to the Globe Plow Works, or its president. The funds came into the hands of that company charged with the trust under which it was held by the treasurer of plaintiff.

It cannot be doubted that plaintiff could, by action, have recovered the funds from the Globe Plow Works. Such recovery would not be as for a debt, but for money received subject to a trust in favor of plaintiff or the *cestui que trust*. The right of recovery would not depend upon the ability of plaintiff to trace the money, the identical coins paid by its treasurer, and discover them in the hands of the Globe Plow Works. That right is based upon the facts that trust funds came into its hands, of the trust character of which it had full knowledge. The trust attached to the money, and the Globe Plow Works became liable as having received, and as holding, trust money. The money was used by the Globe Company in its business, and in payment of its debts. It became liable to the plaintiff to replace the trust funds with other money in its possession, or with money realized out of other property. Of

course, the Globe Company and its stockholders can urge no equity nor reason against the enforcement of these rules. Can its creditors? We think not, for these reasons: The money was wrongfully mingled, as it were, with the assets of the company. The money did not belong to the Globe Company. The creditors, if permitted to enforce their claims as against the trust, would secure the payment of their claims out of trust moneys. If they are not permitted to do this they are simply denied the remedy of enforcing their claims against property acquired by the use of trust money. They are deprived of no right; for the property acquired by the trust money became subject to the trust, and, therefore, could not have been subject to the claims.·

III. It cannot be doubted that the assignee has no higher claim to the property than the assignor; as to which he stands in the shoes of the assignor. This position we do not understand is questioned in this case. It may be admitted that the assignee is the representative of the creditors whose duty it is to devote the assets of the assignor to the payment of his debts. But his rights can be no higher than the rights of creditors. See in support of these views the following authorities: 1 Story Eq. Jur., sec. 533; 2 Story Eq. Jur., secs. 1038, 1228, 1411; *National Bank v. Insurance Co.*, 104 U. S. 54, and cases therein cited; *People v. City Bank*, 96 N. Y. 32; *Bank v. King*, 57 Pa. St. 202; *McLeod v. Evans*, 66 Wis. 401; *Francis v. Evans*, 69 Wis. 115; 33 N. W. Rep. 93; *Bowers v. Evans*, 71 Wis. 133; 36 N. W. Rep. 629; *Peak v. Ellicott*, 30 Kan. 156; 1 Pac. Rep. 499; *Thompson v. Savings Inst.*, 8 Atlantic Rep. (N. J.) 97. Other cases supporting our view are cited in the foregoing decisions, especially in the first of the last one just cited. *Lowry v. Polk County*, 51 Iowa, 50, and *Long v. Emsley*, 57 Iowa, 12, are not in conflict with these conclusions. In the first-named action a county treasurer sought to relieve himself of liability for county money deposited in a bank, without authority of law, which

was lost by the failure of the bank. It was held that he was entitled to no such relief, for the reason that the bank by the deposit became the debtor of the county treasurer, and that, as he failed to lawfully dispose of the money, he is liable to the county. In the second case a township clerk deposited money to his own individual credit in a bank, which was garnished as his debtor on account of the deposit, and judgment rendered against it, and thereon it paid the judgment to the agents of the creditors, who were bankers. The township clerk sought to recover the money from the last-named bankers. The case was decided against plaintiff on the ground that the money became his individual property upon making the deposit, and that the bankers receiving the deposit became the owners of the money and debtors of plaintiff. The money on being paid on the garnishee judgment passed to the bankers receiving it for the creditors.

It will be observed that it is not shown in the first case that the *cestui que trust*, the county—the real party in interest owning the money,—sought to pursue it in the hands of the defendants. The plaintiff sought to recover the money, doubtless to relieve himself of liability on his official bond, or otherwise. In the last case the money was paid to the last bankers, the agents of the creditors, on a judgment in a garnishment proceeding to which the plaintiff ( the township clerk ) was a party. We need not determine whether there are better reasons for the decisions than those given therein. They are not in conflict with the conclusions we have just announced, which lead us to the conclusion that the district court erred in not rendering judgment for plaintiff for the full amount of its claim, as shown by the evidence, which should have priority over all other claims. The cause will be remanded to the district court for further proceedings in harmony with this opinion.                                    REVERSED.