FIRST NATIONAL BANK OF LAPEER, MICHIGAN, Appellant, v. E. L. SANFORD, Assignee of the Bank of Commerce, Respondent.

St. Louis Court of Appeals, May 7, 1895.

1. **Banks, Insolvency of:** RIGHTS OF DEPOSITOR OF COMMERCIAL PAPER FOR COLLECTION. If a bank collects commercial paper left with it for collection, and subsequently, without paying over the proceeds to the depositor, makes an assignment for the benefit of creditors, the assigned effects are impressed with a trust in favor of the depositor which entitles him in equity to a priority over general creditors; and this, though such proceeds may not have reached the assignee either in their original or a substituted or converted form.

2. ———: ———. The depositor need not obtain an allowance of his demand by the assignee, in order to avail himself of this equitable right of priority.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED (*with directions*).

*Goode & Cravens* for appellant.

A preference should have been decreed in favor of plaintiff as prayed. *Stoller v. Coates*, 88 Mo. 514; *Harrison v. Smith*, 83 Mo. 210; *Peaks v. Ellicott*, 30 Kan. 156; *Thompson v. Savings Institution*, 8 Atl. Rep. 97; *Independent Dist. of Boyer v. King*, 45 N. W. Rep. 908; *Davenport Plow Co. v. Lamb*, 45 N. W. Rep. 1049; *Nurse v. Satterlee*, 46 N. W. Rep. 1102; *Bank v. King*, 57 Pa. St. 202.

*E. C. O'Day, O. H. Travers* and *John O'Day* for respondent.

It is not sufficient to entitle appellant to preference that the use made by the bank of the trust fund reduced the liabilities of the bank, but it must appear that the money has actually gone into the property of the bank, and swelled its assets, to entitle appellant to the relief prayed for in this case. *Phillips v. Overfield*, 100 Mo. 466; *Westfall v. Mullen*, 59 N. W. Rep. 633; *Calvin v. Gleason*, 105 N. Y. 256; *Neeley v. Rood*, 19 N. W. Rep. 920; *Slater v. Oriental Mills*, 27 Atl. Rep. 443; *St. Louis Brewing Ass'n v. Austin*, 13 S. Rep. 908; *Sherwood v. Milford State Bank*, 53 N. W. Rep. 923; *Wilson v. Coburn*, 53 N. W. Rep. 466; *Nonotuck Silk Co. v. Flanders*, 58 N. W. Rep. 383; *District Eureka v. Farmers' Bank*, 55 N. W. Rep. 342; *Engler v. Offutt*, 70 Md. 78; *Shields v. Thomas*, 14 S. Rep. 84; *Little v. Chadwick*, 151 Mass. 110; *Bank v. Weems*, 69 Texas, 489; *McClure v. County Commissioners*, 34 Pac. Rep. 783; *Bank v. Bank*, 15 Fed. Rep. 858; *Bank v. King*, 57 Pa. St. 202; *Bank v. Armstrong*, 39 Fed. Rep. 684; *Bank v. Dowd*, 38 Fed. Rep. 172; *Bank v. Insurance Co.*, 104 U. S. 54–68; *Knatchbull v. Hallett*, 13 Ch. Div. 696; *Ex Parte Hardcastle*, 44 Law T. 524; *Goodell v. Buck*, 67 Me. 514; *Steamboat Co. v. Locke*, 73 Me. 370; *Thompson's Appeal*, 22 Pa. St. 16; *Sherwood v. Bank*, 94 Mich. 78; *Elevator Co. v. Clark*, 53 N. W. Rep. 175; *Taylor v. Plunner*, 3 Maule & S. 562; *Kip v. Bank*, 10 John. 63; *Van Allen v. Bank*, 52 N. Y. 1.

ROMBAUER, P. J.—The banking firm of C. B. Holland & Son, of Springfield, Missouri, was indebted to the plaintiff on a certificate of deposit in the sum of $2,080.80. The plaintiff, through its agent, sent this certificate, for collection, to the defendant's assignor.

The defendant's assignor collected the amount through the agency of the clearing house in Springfield on the tenth of July, 1893, and two days thereafter made a general assignment for the benefit of its creditors to the defendant. On the day when the certificate was collected by the defendant's assignor, it had cash in its vaults in excess of the amount of said certificate, but, when it made the assignment, two days thereafter, its cash assets amounted to only $190. The amount thus collected by the defendant's assignor was never paid to the plaintiff. An attempt was made to remit the same by draft upon another bank, but the draft was dishonored and proved worthless.

The present action is one in equity to compel the defendant to pay out of the funds that came into his hands as assignee the plaintiff's foregoing claim with interest. The answer contains a general denial, and sets up as a special defense that the plaintiff has failed to present its claim for allowance to the defendant as assignee, and that it has a complete and adequate remedy at law by doing so.

Upon the hearing the facts above stated were established by the evidence. It also appeared that the defendant's assignor was wholly insolvent, its liabilities vastly exceeding even its *nominal* assets. The trial court thereupon dismissed the plaintiff's bill with costs. Hence this appeal.

It is apparent that, under the conceded facts, the relation existing between the plaintiff and the defendant's assignor, at the date of the attempted conversion of plaintiff's funds by the latter, was that of principal and agent, and not that of debtor and creditor. As said by BIRD, V. C., in *Thompson v. Bank*, 8 Atl. Rep. 97: "It would hardly be safe to say, that an agent could make himself a debtor, as distinguished from an agent, by a confusion of the moneys and goods of his principal;

and by then giving the principal credit for their value or amount collected." The principal may treat the agent in a case of that kind as his general debtor, but he need not do so. *Stoller v. Coates*, 88 Mo. 514. If the plaintiff's assignor acquired no title in the plaintiff's funds, it could not pass any title in them to the defendant. The plaintiff, therefore, was under no obligation to exhibit its claim to the assignee for allowance, but was at liberty to fasten it by proceedings in equity upon the specific or substituted assets which came into the assignee's possession. Such, at least, we take to be the rule in this state, and in some other jurisdictions. *Harrison v. Smith*, 83 Mo. 210; *Peak v. Ellicott*, 30 Kan. 156; *Davenport Plow Co. v. Lamp*, 45 N. W. Rep. 1049; *Thompson v. Bank, supra.*

The defendant, however, contends that there is nothing to show in this case that the plaintiff's funds converted by his assignor ever came into his hands either in their original, or in a substituted form. We do not conceive that, under the rule prevailing in this state, such a showing is essential. In *Harrison v. Smith, supra*, the plaintiff's check was deposited by the agent bank with its correspondent in New York, and the agent bank received credit for it, just as in this case the plaintiff's assignor received credit in the clearing house. The opinion in that case conceded that the fund was not traceable to any particular asset of the bank. The court, however, held that the wrongful conversion swelled and increased its *general assets* to the extent of the converted fund, and hence it was but equitable that the general assets should bear the burden of the preference. The opinion substantially maintains that, to an amount thus wrongfully converted, the assignee can lay no claim in equity, and that the wrongful conversion immediately preceding the assignment

is of itself evidence of a corresponding increase in the assigned assets.

We concede that this reasoning proceeds on advanced lines, and is seemingly opposed to the weight of authority in other states. It suffices for us that this is the last controlling decision of the supreme court, and, as such, must govern our action. There is no substantial difference between the facts in that case, and the facts in the case at bar. If the plaintiff could enforce a preference in that case, no reason is apparent why he should not in this.

It is ordered that the decree be reversed, and that the cause be remanded to the trial court for an appropriate decree securing the plaintiff's claim upon the assets assigned. All the judges concur.