Hillsborough, }
    Dec., 1895. }

YORK & a. v. YORK MARKET CO.

If the treasurer of one corporation deposit its funds to the credit of another
corporation with the management of which he is concerned, the relation of
debtor and creditor is not created thereby ; and the corporation whose
moneys have been thus misapplied may enforce a claim against assets of
the other in the hands of a receiver, to the exclusion of general creditors,
although neither the funds nor the particular property into which they
have been converted can be distinguished.

PETITION, by stockholders of the Universal Collar Company,
praying that the receivers of the defendant corporation be
required to pay into court $1,490.72 for the use of the Collar
company. Facts found by the court.

Carlos E. York was the treasurer of the Collar company and
a stockholder of the York Market Company. In January, 1895,
while he was confined to the house by sickness, a clerk of the Mar-
ket company carried to him a check belonging to the Collar com-
pany for his indorsement as treasurer. He was not in condition
to do any business, and directed the clerk to turn the check in
with the funds of the Market company, and the clerk did so.

During York's illness, without further authority from him, other checks belonging to the Collar company went into the possession of the Market company in the same way; amounting in all, including the first check, to $1,490.72.   The Market company used the money in buying goods in the regular course of their business.   On April 8, 1895, the receivers took possession of the property, consisting of goods, horses, carriages, and about twelve dollars in money.   At that time they had no knowledge that any funds of the Collar company were mingled with it, and there was no earmark or anything indicating that any part of the property belonged to the Collar company.   The court dismissed the petition, and the plaintiffs excepted.

*Oliver E. Branch, Isaac L. Heath,* and *William A. J. Giles,* for the plaintiffs.

*George W. Prescott,* for the defendants.

*Drury & Peaslee* and *David A. Taggart,* for the creditors of the York Market Company.

CARPENTER, J.   In the absence of objection, it is assumed that the petition is brought by individual stockholders of the Collar company for sufficient reasons.   1 Mor. Corp., *s.* 240.   It is not claimed that York had authority to transfer the property of the Collar company to the Market company.   The Market company must be taken to know, as their agent the clerk knew, that the checks belonged to the Collar company.

It is not necessary to consider what might be the rights of the parties if the Market company were trustees, or, as factors or agents of the Collar company, had received the money for a specified purpose.   The doctrine that while a *cestui que trust* may follow the trust fund as long as it can be traced, and maintain a charge for it upon any specific property in which he shows it to be invested, he cannot maintain a charge for it upon the general estate of the trustee of which it is shown to be an indistinguishable part (2 Sto. Eq. Jur., *s.* 1259; Per. Tr., *ss.* 345, 837, 841; *Little* v. *Chadwick,* 151 Mass. 109, 111), if sound (*Knatchbull* v. *Hallett,* 13 Ch. Div. 696, 709, 711, 716, 717, 719, 722, 723, 727; *Frith* v. *Cartland,* 2 Hem. & M. 417, 420, 421; *National Bank* v. *Insurance Co.,* 104 U. S. 54; *Englar* v. *Offutt,* 70 Md. 78; *Cavin* v. *Gleason,* 105 N. Y. 256, 262, 263; *Plow Co.* v. *Lamp,* 80 Ia. 722; *Harrison* v. *Smith,* 83 Mo. 210; *McLeod* v. *Evans,* 66 Wis. 401, 409; *Silk Co.* v. *Flanders,* 87 Wis. 237; *Ferchen* v. *Arndt,* 26 Or. 121; *Slater* v. *Oriental Mills,* 18 R. I. 352), has no application.   In that class of cases, the *cestui que trust* or the creator of the trust gives credit to the trustee,—entrusts him with the

legal possession and power to dispose of the property. This may afford some reason for the holding that when the trust funds are indistinguishably commingled with the general estate of a bankrupt trustee, the trust creditor must take his dividend like other creditors.

The Collar company gave no credit to the Market company. The relation of debtor and creditor did not exist. Between the two corporations there was no fiduciary relation of any kind. The property, of which the money received on the checks forms a part, is in the custody of the court. The receivers are officers of the court, and the only question is whether they shall be directed to pay the sum of $1,490.72 to the Collar company, to whom it belongs, or to the creditors of the Market company, to whom it does not belong. The fact that the Market company have so disposed of the money that neither it nor the particular property into which they have converted it can be distinguished from their general estate, affords no reason for depriving the Collar company of their property and giving it to the Market company or to their creditors. It is just that those who have had sufficient confidence in the integrity and business capacity of the Market company to give them credit, should bear the loss resulting from misfortune, want of integrity, or of capacity. They suffer the consequences of their own imprudence or lack of judgment. It is not just that he who has not trusted them should, by reason of their unlawful appropriation of his property, be subjected to loss for the benefit of those who have.

*Exceptions sustained.*

CLARK, J., did not sit: the others concurred.