S. R. CHAPPELL, Appellant, v. JOHN E. CRAIG, Executor.

**Trust Fund:** ESTATE OF DECEDENTS. An agent collected rents, deposited the money to his own credit and kept a running account with his principal, crediting her with collections and charging her with payments and commissions. This account was settled yearly. *Held*, the amount due the principal does not constitute a trust fund in the hands of the agent's executor, and said balance due should not have preference over other debts.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

WEDNESDAY, DECEMBER 11, 1895.

John E. Craig is executor of the estate of Harrison Tucker, deceased. Appellant seeks to have seventy-five dollars and seventy-two cents due to her from said estate, declared to be a preferred debt. The case was submitted upon an agreed statement of facts, and the preference claimed by plaintiff denied. The plaintiff appeals upon a certificate of the trial

judge that the case involves a question of law upon which it is deemed desirable to have the opinion of the supreme court.— *Affirmed.*

*J. F. Smith* for appellant.

*John E. Craig* in *pro. per.*

Given, C. J.—I. The agreed statement of facts is as follows: "It is agreed in the above-entitled case: That Harrison Tucker was the agent for S. R. Chappell for the collection of rents for houses on Grand avenue. That Mr. Tucker settled his accounts with his principal January 1 of each year. That on January 10, 1893, he paid balance due S. R. Chappell, $135.84 to A. J. Hardin, under order to do so, when Chappell was informed of balance in his hands. That from January 1, 1893, to the time of Mr. Tucker's death, April 29, 1893, there was collected, as shown by his books, $96.51, less commissions and taxes; there was due Chappell $75.72, which Chappell filed as a claim against Mr. Tucker's estate since his death. It was Mr. Tucker's custom and he did deposit all his collections to his account in the bank, and the said money was so deposited as received, and same was checked out so that there was no balance in bank at the time of his death to cover this amount. That John E. Craig was the duly appointed executor of said estate, which appointment was made May 10, 1893, and the estate of Tucker will not pay in full the claims against said estate. That, since the death of said Tucker, the plaintiff has settled in full the balance due A. J. Hardin, and the money was to be paid to A. J. Hardin by Tucker on the note held by Hardin against plaintiff. It is also agreed that there are not sufficient funds belonging to said estate to pay the claims filed against it in full. It is agreed that the

executor has collected since his death $2,000 on a policy of life insurance; $594, the products of the sale of his office furniture and business; and about $400, the proceeds of his furniture in his room; and that there are claims filed against his estate to over $7,000."

The question certified is whether in law, under the facts, the amount due to the plaintiff should "be allowed against the estate as a trust fund in his (the executor's) hands, and given a preference over other debts." Appellant cites and relies upon *Independent Dist. v. King*, 80 Iowa, 497 (45 N. W. Rep. 908); and *Plow Co. v. Lamp*, 80 Iowa, 722 (45 N. W. Rep. 1049). In those cases there was no question but that the fund sought to be followed was a trust fund. In each case the treasurer of the plaintiff held the fund in trust, and parted with it, without authority, to persons who knew its trust character. The fact that those were trust funds is the very foundation for the conclusions reached, for, without that fact appearing, they never would have been followed as they were. If, under the facts, the money due to the plaintiff was held by Mr. Tucker in trust, then the cases cited apply; but, if the relation of debtor and creditor alone existed, they do not. Mr. Tucker was agent for plaintiff for the collection of certain rents, and made collections from time to time. If nothing further appeared it might be said that he held the money so collected in trust for his principal. It appears, however, that Mr. Tucker deposited the money collected to his own credit in bank, kept an account with the plaintiff, crediting her with the collections, and charging her with payments and commissions,—a running account that was settled on the first of January each year. It also appears that Mr. Tucker did not make payments to plaintiff, and was not to pay this balance in his hands to her, but to A. J. Hardin, under her order to do so "when Chappell was informed of the balance in his

hands." It is true that, if the trust existed, the fact that Tucker deposited the money in his own name or that payments were made to Hardin on plaintiff's order would not change or defeat it. We think, however, in view of these facts, and especially of the fact that a running account was kept and settled each year, that the parties intended and understood that they were dealing with each other in the relation of debtor and creditor. The question certified must be answered in the negative, and the judgment *affirmed*.