In the Matter of the Assignment of J. T. Knapp & Company, For the Benefit of Creditors.   Maude Farnham, Appellant, H. H. Clay, Assignee.

**Assignment: FILING CLAIMS.** Code, section 2126, requiring claims against an assigned estate to be filed within three months, does not apply to an application to have a claim, already properly filed as a general claim, made a preferred one.

**GUARDIANS:** *Estoppel of ward.* Where a guardian wrongfully deposits his ward's money in a bank which becomes insolvent, his acceptance of a dividend from the assignee does not estop the ward from demanding a return of the full amount, as a preferred claim.

**ACTION AGAINST ASSIGNEE:** *Defenses.* The absence of any proof that the assignee in insolvency has any of the assets transferred to him by the deed of assignment, is not fatal to an application by a claimant to have her claim declared a preferred one and paid in full, as the claim should be established as its merits justify, with the proper order for payment, and if there is a failure to obey the order, the assignee may be heard in excuse of the failure.

**Presumptions for Judgment.** In a suit to compel the assignee of an insolvent bank to pay, as a preferred claim, money wrongfully deposited in the bank by plaintiff's guardian, it will not be assumed, in support of a judgment disallowing such claim as a preferred claim, because plaintiff participated in a dividend, that she was of age when such dividend was paid.

**OBJECTION BELOW.** The objection that, instead of filing a petition in an assignment proceedings, to have certain money in the hands of the assignee declared a trust fund, and the same established as a preferred claim, plaintiff should have sought such relief in equity, cannot be first raised on appeal.   Code, section 2519.

*Appeal from Black Hawk District Court.*—Hon. A. S. Blair, Judge.

Thursday, April 8, 1897.

J. T. Knapp & Co., in August, 1893, were engaged in banking at Cedar Falls, Iowa.   At that time appellant, Maude Farnham, was a minor, and one I. D. Gilkey

was her guardian, and as such, had in his custody money belonging to his ward in the sum of about five hundred forty-eight dollars and sixty-three cents, which he deposited with J. T. Knapp & Co. on August 9, 1893.   On the twenty-second day of the same month J. T. Knapp & Co. made an assignment for the benefit of their creditors, with H. H. Clay as assignee.  Within three months of the giving of the notice of the assignment, the guardian filed the claim with the assignee, and in December, 1894, a dividend of fifteen per cent was paid, in which the guardian participated, receiving that per cent of the claim, no objection having been made to it.   On the thirty-first day of October, 1895, Maude Farnham, having attained her majority, filed her petition in the assignment proceeding, reciting the facts as to the deposit, and that J. T. Knapp & Co. knew of its trust character, and asked that it be declared a trust fund in the hands of the assignee, and that the assignee be required to pay the same in full, as a preferred claim.   The assignee appeared in person and by counsel, and without in any way pleading to or assailing the petition.   Evidence was taken as in a case of general denial, and upon the final submission the court disallowed the claim as follows:   "Claim of Maude Farnham not allowed as a preferred claim as asked, the same having been allowed by assignee as a general claim filed by her guardian, and assets reported some two years ago, and treated as a general claim, and the alleged trust fund having gone to said estate as a general fund, and the guardian having drawn dividend thereon.   To all of which said claimant then and there duly excepted."   From the order of the court the petitioner appealed.—*Reversed.*

*W. H. Merner* for appellant.

*Boies, Couch & Boies* for appellee.

GRANGER, J.—I. It does not seem to have been the thought of the court below, nor of counsel for appellee, but that the claim could have been established as a preferred one by timely and proper proceedings therefor. It is urged that the claim, not being filed within the three months, cannot be allowed. By this is meant the petition in this proceeding, and not the claim for payment, for that was admittedly filed within the three months. This is simply an application to have the claim already filed made a preferred one. The statute as to filing claims within three months has no reference to such proceeding. Code, section 2126.

II. It is said that, appellant having presented her claim, by her guardian, within the three months, and then participated in the dividend, she should be held to have made a choice of two inconsistent remedies, and is estopped from now asking that her claim be preferred. In support of the claim it is said that, so far as appears from the record, she may have done this after she became of age, So far as the record gives light on that fact, it is against the conclusion that she was of age when the dividend was made. It is said the fact of her majority should be assumed in support of the judgment below. We know of no such rule. We do assume facts in support of the judgment in a law action that have support in the evidence, but we do not assume facts for that purpose, essential to be shown, of which there is no proof, unless they are such as we may take judicial notice of. Her right to have her claim preferred, after a participation by her guardian in the dividend, if otherwise entitled thereto, is on the same principle that would give her the right to have it declared a trust fund, and preferred, before the dividend. The fact of the wrongful deposit, in which the bank

participated, takes the case out of the usual rule as to deposits, whereby the title to the money deposited is changed from the depositor to the bank, and the bank takes the property in trust. Because the trustee, or other officers in charge of the trust fund, has no authority to deposit it, its character, when deposited, is preserved in the interest of the *cestui que* trust; and as the trustee could not by the act of depositing, prejudice the rights of the *cestui que* trust; he cannot, by his subsequent acts in taking a dividend, prejudice such rights. An essential element of estoppel in such a case is wanting,—that of prejudice to the creditors because of the acceptance of the dividend. A reason on which the rights of the *cestui que* trust are preserved, in the first instance, is that, by the wrongful act the assets of the bank have been enhanced to the amount of the wrongful deposit, and to deny the preference is to permit the creditors to profit to the extent of the deposit at the expense of one who has never assented to the relationship of creditor of the insolvent bank; and hence the rights of the other creditors are limited to the assets of the bank, less the amount of the unlawful deposit, to no part of which have they a right. The acceptance of the dividend in no way affected or prejudiced their interests. It was but a partial payment or restoration of the trust fund. See *Independent District of Boyer v. King*, 80 Iowa, 497 (45 N. W. Rep. 908); *Plow Co. v. Lamp*, 80 Iowa, 722 (45 N. W. Rep. 1049), and cases cited for the general rules. And see, also, *Wallace v. Stone* (Mich). 65 N. W. Rep. 113, as to the effect of receiving a dividend. It may be thought that the rule of the *Michigan Case* is lessened because of a dissent in the court, but it does not appear that the judgment of the court would be divided on the particular question we are considering. The rule of that case would not permit

the appellant to be prejudiced, had she accepted the dividend after attaining her majority.

III.   It is thought that appellant cannot obtain the relief sought, because she came into the assignment proceedings instead of seeking relief in a suit in equity.   Below, there was no question as to the proceedings.   The cause proceeded upon the application, without objection.   No jurisdictional question as to the power of the court is involved, and it is now too late to present the question as to the choice of forums.   Code, section 2519.

IV.   It is said that it does not appear that the assignee has any of the assets transferred to him by the deed of assignment, and that, in the absence of such proof, no preferred claim can be established.   This proceeding is merely to fix the character of the claim, so that it shall be preferred, and paid in full.   The record is silent as to the fund, on hand with the assignee.   If the fact of a want of money to pay would be a defense, it would be matter for the assignee to show, as he is presumed to know that fact.   But it is sufficient to say that the claim should be established, as its merits will justify, with the proper order for payment, when, if there is a failure to obey the order, the assignee may be heard in excuse for the failure.   The petitioner is entitled to relief as prayed, and the order of the court denying it will stand REVERSED.