Hillsborough,  
    June, 1900.

ROCKWOOD, *Adm'r, v.* SCHOOL DISTRICT OF BROOKLINE.

Where the treasurer of a school district has mingled its funds with his own so that they can neither be identified nor traced, the indebtedness does not constitute a preferred claim against his insolvent estate.

Where the claim of a school district against its treasurer has been paid in full by his administrator, upon an agreement by the board of education for a proportionate repayment if other creditors of the intestate should receive less than the full amounts due them, the sum so paid in excess of a decreed dividend may be recovered in an action against the district.

ASSUMPSIT, to recover upon the following agreement, signed by the defendants' board of education: "Received of the administrator of the estate of George E. Stiles three hundred seventy $\frac{72}{100}$ dollars, the same appearing to be the amount of cash due from him as treasurer of the board of education of Brookline, New Hampshire; and it appearing from the statement of his administrator that this money was not kept distinct and separate from other money of his, it is agreed on the part of the school district of Brookline, to whom this money belongs, for the purposes of schools, school buildings, etc., that if his estate shall be decreed insolvent by the probate court, and a less dividend should be paid to his creditors than 100 per cent of their claims, that so much of this shall be returned to his administrator by the school district or its treasurer, or the board of education having charge of the funds of the district for school purposes, as on the whole will give the same percentage to the school district as his general creditors will receive."

Stiles died March 15, 1895, and the plaintiff is his administrator. For two years before his decease, Stiles was the defendants' treasurer. He had not accounted for $370.72 of the district's funds received by him. He did not keep the district's money separate from his own, and it is not known what became of the sum unaccounted for. In consideration of the foregoing agreement, the plaintiff paid the defendants $370.72. Stiles' estate was settled as insolvent, and by the decree of distribution $98.16 was due the defendants. The defendants refused upon demand to pay the difference between this sum and the sum paid them. There was a verdict for the plaintiff for the difference, to which the defendants excepted.

*George B. French*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendants.

PIKE, J. The defendants, being unable to identify any portion of the estate left by Stiles as their money, or the product of their money, are not in a position to demand payment in full on account of the trust relation existing between them. *York* v. *York Market Co.*, 68 N. H. 419. Their only right is that of a general creditor, and as such they are entitled to a share of the balance remaining after the payment of the preferred claims, to be decreed by the probate court. P. S., c. 192, s. 21. The board of education, in behalf of the defendants, promised that if the dividend on the estate should prove less than 100 per cent, such part of the amount received in connection with the agreement should be re-

turned as would give the defendants the same percentage as the other creditors received. Although the promise may have been unauthorized by the defendants, they are bound by it, for they ratified it by receiving the money and applying it to their uses. *Rich* v. *Errol,* 51 N. H. 350, 361.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.