HENRY MEYSTEDT, Respondent, v. PETER T. MADDEN et al., Defendants; JAMES W. GRACE, Assignee, etc., Appellants.

St. Louis Court of Appeals, December 4, 1900.

1. **Trust Money: MIXING TRUST MONEY WITH PRIVATE MONEY: TRUSTEE: PRACTICE, TRIAL.** Where a trustee mixes trust money with his own so that it can not be distinguished what particular part is trust money and what part is private money, equity will follow the money by taking out what is due the *cestui que trust*.

2. ———: ———: ———: **EQUITABLE LIEN: ASSETS: JURISDICTION.** The rule does not give a general equitable lien on the assets of the trustee who has converted the trust fund to his own use, but is, that when it is made to appear that the assets of the trustee which have been brought under the jurisdiction of the court have been swelled by having the trust fund mixed with them, equity will follow the fund and take out of such assets what is due to the *cestui que trust*.

3. ———: ———: ———. In the case at bar, as appears from the stipulation of facts as well as from the findings of the court, the assets charged with the payment of the trust moneys were not swelled, and were not enriched by the moneys of the respondent, and it was error to impress these assets with an equitable lien in favor of respondent.

Appeal from the St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.

*O'Neill Ryan* for appellant.

It was error to render a judgment and establish same as a lien upon the assets in the hands of appellant, assignee of Peter T. Madden, the debtor, as the agreed statement showed conclusively that all assets received by appellant, and on which this judgment is made a lien, were assets that were acquired by Madden prior to 1897, that is to say, prior to the time he became agent of plaintiff, and prior, therefore, to any dealing between him and plaintiff, out of which the balance sued for arose. The assets that came into appellant's hands were not, and could not have been under the agreed statement, swelled by any money of plaintiff received by Madden, in a fiduciary capacity, and hence no lien for the debt could be charged on these assets. Pundmann v. Schoenich, 144 Mo. 149; Phillips v. Overfield, 100 Mo. 466; Buck v. Ashbrook, 59 Mo. 200; Paul v. Draper, 73 Mo. App. 566. (This case is pending in supreme court on certification from this court.) Ulrici v. Boeckler, 72 Mo. App. 661; Huetteman v. Vusselmann, 48 Mo. App. 582.

*John F. Green* for respondent.

The rents collected by defendant, Peter T. Madden were trust funds, and plaintiff has an equitable lien upon the assets in the hands of James W. Grace, as assignee of said Madden, for the amount of said rents, and the assignee should be directed to pay the same to plaintiff as a preferred

·claim.   Harrison v. Smith, 83 Mo. 210; Stoller v. Coates, 88 Mo. 514.   Plaintiff is not compelled to trace these funds or to show that any particular assets now in the hands of the assignee received the benefit of them.   And it is wholly immaterial that the moneys now in the hands of the assignee came altogether through assets that had been acquired by said Madden prior to 1897.   Bank v. Sanford, 62 Mo. App. 394; Stoller v. Coates, 88 Mo. 514; Deming Co. v. Webb, Assignee, 76 Mo. App. 329.

BLAND, P. J.—Under appropriate pleadings this cause was submitted to the trial court on the following agreed stipulation of facts, to-wit:

"It is hereby stipulated and agreed that the above entitled cause may be submitted to the court upon the pleadings herein and the following agreed statement of facts, both plaintiff and defendant hereby reserving the right to object to the relevancy and materiality of any fact or statement herein contained.

"The plaintiff Henry Meystedt resides in Cape Girardeau, Missouri, and is the owner of certain real estate situated in the city of St. Louis, Missouri.

"Defendant Peter T. Madden, was during the year 1897, and the month of January, 1898, engaged in the real estate business in the city of St. Louis, Missouri.   During said year 1897, and the month of January, 1898, said defendant Peter T. Madden was employed by plaintiff as his agent, to collect for plaintiff the rents of his St. Louis real estate, and plaintiff agreed to pay said defendant for his services in collecting said rents, a compensation of two and one-half per cent upon the amount of rents so collected, and defendant on his part promised and agreed with plaintiff that he would attend diligently to the collection of said rents and

would remit the same, less his said commission for collecting to plaintiff, when ordered to by plaintiff, as they were collected by him, Madden; that all rents collected prior to September 1, 1897, were remitted to said Meystedt, by the personal check of Madden.

"From September 1, 1897, to January 31, 1898, said defendant collected from said property, as plaintiff's agent, rents amounting to $474 and paid out for repairs on said property the sum of $37.65, the dates and amounts of said collections and said repair bills being more fully set out in the itemized account hereto attached, marked Exhibit 'A.'

"Said defendant failed to remit to plaintiff any of said rents so collected by him from September 1, 1897, to January 31, 1898, or any part thereof, not having been requested to do so by Mr. Meystedt or wife, as was the custom, and without the knowledge or consent of plaintiff, said defendant mingled the amounts of money so collected as plaintiff's agent with his own money and funds, and used the whole of said mingled funds for his own use and benefit, that is to say, he put the money so collected for plaintiff in bank with his other funds, checking against it for his general business and private uses, paying repair bills of plaintiff as stated in the account and other bills; in short, bills either of private nature or incident to his business would be paid out of said bank account.

"On or about the sixteenth day of January, 1898, said Peter T. Madden assigned all of his property and effects of every kind and character to one Luke McLaughlin for the benefit of his creditors, by deed duly executed, acknowledged and recorded in the recorder's office of the city of St. Louis, Missouri. Said Luke McLaughlin thereupon refused to accept said trust and the circuit court of the city of St. Louis, Mis-

souri, then appointed defendant James W. Grace, assignee under said deed of assignment in lieu of said Luke McLaughlin, and said James W. Grace has duly qualified as such assignee, and has taken possession of all the property and effects of said Peter T. Madden, and is now in the possession thereof as such assignee.

"There is now in his hands as such assignee a balance of about $571, and there has been allowed against the estate claims amounting to $8,139.91.

"No dividends have been paid, nor have any costs of administration been paid except $100 on account to the assignee and $65 on account to his counsel.

"The moneys received by the assignee, including the balance aforesaid, came altogether through assets that had been acquired by P. T. Madden, the assignor, prior to 1897, consisting partly of real estate, equities on which $90 had been realized by the assignee and all that expended in realizing that sum."

The court found the facts as stipulated and further found and rendered judgment as follows:

"And the court doth further find that the rents so collected by said Peter T. Madden as agent for plaintiff, were a trust fund, and that the balance due plaintiff out of said trust funds is the sum of $424.50, with interest thereon at six per cent per annum from April 25, 1898, to date, making a total sum of $461.06 and that plaintiff herein is entitled to receive the said amount so found to be due him from said Peter T. Madden out of the money and assets in the hands of James W. Grace, assignee, in priority over all other creditors of said assigned estate and the expenses of administering the same. Therefore the court doth order and adjudge and decree that judgment be rendered in favor of plaintiff against defendant, Peter T. Madden, for the sum

of four hundred and sixty-one and six one hundredths dollars ($461.06), and that the judgment and decree of this court herein is a lien upon the money and assets of the said assigned estate in the hands of said defendant James W. Grace, and that this judgment and decree shall have priority over all claims of the general creditors of said assigned estate and the expenses of administering the same; and the said James W. Grace is ordered, adjudged and decreed to pay the said Henry Meystedt the said sum of four hundred and sixty-one and six one hundredths dollars, together with the cost of this suit, out of the moneys now in his hands as the assignee of said Peter T. Madden; and it is ordered that execution issue in conformity with the above."

It appears from both the stipulation and the findings of the learned trial judge that the assets which the respondent seeks to impress with an equitable charge, were not enriched or swelled in volume or value by the trust fund, but on the contrary that all of said assets had been acquired by Madden before he mingled any of the moneys of the respondent with his private moneys. Since Harrison v. Smith, 83 Mo. 210, the rule has been well established in this state by a long line of well considered and consistent decisions (following the Harrison case), that "where a trustee mixes trust money with his own so that it can not be distinguished what particular part is trust money and what part is private money, equity will follow the money by taking out what is due the *cestui que trust*." Stoller v. Coates, 88 Mo. 514; Evangelical Synod of North America v. Schoeneich, 143 Mo. 652; Pundman v. Schoenich, 144 Mo. 149; Tierman's Exr. v. Security B. & L. Ass'n, 152 Mo. 135; Flint Road Cart Co. v. Stephens, 32 Mo. App. 341; National Bank v. Sanford, 62 Mo. App. 394; Leonard v. Latimer, 67 Mo. App. 138; Bircher v. Sheet Metal Ornamental Co., 77 Mo. App.

509. The rule does not give a general equitable lien on the assets of the trustee who has converted the trust fund to his own use, but is, that where it is made to appear that the assets of the trustee which have been brought under the jurisdiction of the court have been swelled by having the trust fund mixed with them, equity will follow the fund and take out of such assets what is due to the *cestui que trust*. Bank v. Brightwell, 148 Mo. loc. cit. 367. The assets charged with payment of the trust moneys by the learned circuit judge were not swelled, were not enriched by the moneys of the respondent, as appears from the stipulation of facts, as well as from the finding of the trial court. The learned circuit judge therefore committed error by impressing these assets with an equitable lien in favor of respondent, wherefore the judgment is reversed and the cause remanded. All concur.